## ABNER H. COOK v. GEORGE HANCOCK.

Where a jury is waived and the cause submitted to the Court, it becomes assimilated to a cause in chancery; and it is well established in American practice not to include in the judgment a statement of the facts upon which it is predicated; which practice has been adopted by our Courts.

Where the entry of judgment was to the effect that the parties waived a jury and submitted the cause to the judgment of the Court, and that, upon inspection of the pleadings, the Court rendered judgment for the plaintiff, &c., it was held that the recital did not render the judgment erroneous.

Error from Travis. Tried below before the Hon. Thomas H. DuVal.

Suit by defendant in error against plaintiff in error on two promissory notes. Defendant denied all and singular, &c. The notes were copied in the petition. The entry of judgment read as follows: And now come the parties by attorney, and announce themselves ready for trial, and waiving a jury, submit the cause to the judgment of the Court ; and it appearing that, upon inspection of the pleadings by the Court, the Court rendered a judgment for the plaintiff, it is ordered that the plaintiff recover of the defendant, A. H. Cook, the sum of four thousand five hundred and forty-four $\frac{56}{100}$ dollars, being the principal and interest due on the notes in controversy, &c. The transcript contained two notes, marked filed on the same day the judgment was rendered, corresponding to the copies in the petition. The errors assigned were:—

1st. That the Court gave judgment for the plaintiff on the pleadings, without any evidence to sustain the allegations of the petition.

2d. That the judgment was for an amount greater than the debt and interest claimed in the petition.

*Oldham & White,* for plaintiff in error.

*Hancock & West,* for defendant in error, remitted $38 46, and claimed damages for delay on the balance.

ROBERTS, J. To the first assignment of error defendant objects: first, that the general denial, which was the only plea in the record inspected by the Court, is a nullity, and that therefore the entry is correct; and secondly, that the recital is unnecessary, and merely surplusage.

Believing the last objection to be well founded, it is unnecessary to discuss the first. The recital shows that the finding of the Court upon the issue submitted was for the plaintiff. That the Court arrived at that determination "upon an inspection of the pleadings" alone, cannot be seriously entertained. It is a merely idle and superfluous expression of the person who drew up the judgment. An authority in point, for the rejection of this incongruous expression, is to be found in the case of Wooton v. Manning (11 Tex. R. 327.)

When a jury was waived and the cause submitted to the Court, it became assimilated to a cause in chancery; and it is well established in American practice not to include in the judgment a statement of the facts upon which it is predicated. That practice has been adopted by our Courts. (Hamilton v. Ward, 4 Tex. R. 356.)

The Court, in a case thus submitted, would, very appropriately, inspect the pleadings, as well as hear the evidence adduced; and the case of Chapman v. Sneed, decided at Austin, 1856, (17 Tex. R. 428,) establishes the rule that a recital of part only of the facts necessary to sustain the judgment did not vitiate it.

Whether, then, the statement "upon inspection of the pleadings" be regarded as inconsistent, or as only partial, it will not render the judgment erroneous.

It is not intended to be intimated that when a jury tries a cause, it may not be necessary to recite their verdict in the judgment.

As to the second assignment of error, the defendant has remitted the excess of the judgment.

The judgment below is reversed and reformed at the cost of defendant in error.

Judgment reformed.