## CITY OF HOUSTON v. I. KAPNER.

Decided June 21, 1906.

**1.—Conclusions of Fact and Law—Voluntary Filing by Judge.**

Conclusions of fact and law voluntarily filed by a trial judge can not be given the force and effect of conclusions filed upon request of either party as provided by the statute, and may be ignored by the party appealing. Rev. Stats., art. 1333.

**2.—Suit to Cancel Deed—Evidence Held Sufficient—Time—Essence of Contract.**

Plaintiff conveyed to the city of H. a strip of land upon the sole consideration of the undertaking and agreement on the part of the city to convert the same into a street and to build or assist in building a bridge across an adjacent bayou, all of which was to be done within a certain time specified. Evidence considered, and held to show that time was of the essence of the contract, and sufficient to sustain the judgment of the court cancelling the deed.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*T. H. Stone* and *W. J. Howard,* for appellant.—Unless it appears therefrom by its clear and unequivocal terms that time is of the essence of a contract, and that it was the intention of the parties at the time such contract was made that, unless it should be performed promptly at the time therein specified, forfeiture would result, such construction will not be given it, but a reasonable time will be permitted the obligee in which to fully comply with the contract. Primm v. Barton, 18 Texas, 226; Younger v. Welch, 22 Texas, 425; Scarborough v. Arrant, 25 Texas, 135; Hanks v. Pickett, 27 Texas, 99; Hild v. Linne, 45 Texas, 478; Kirchoff v. Voss, 67 Texas, 320; Watson v. Walker & Co., 67 Texas, 653; Seley v. Texas, St. L. Ry. Co., 2 Texas App. Civ., sec. 87.

*W. G. Love* and *G. J. Kapner,* for appellee.—In a suit to rescind an executory contract for the conveyance of land, where no part of the purchase money is paid in cash, but the whole of the consideration is to be paid or performed in the future, within a specified time, the vendor is entitled to rescind upon the failure of the vendee to pay the purchase money or perform the conditions upon which the title is to vest, within the time specified in the deed, and in such case no equities exist in favor of the vendee. Lanier v. Foust, 81 Texas, 189; Efron v. Burgower, 57 S. W. Rep., 306; Browning v. Estes, 3 Texas, 477; Allen v. Mitchell, 13 Texas, 378; Wheatley v. Griffin, 60 Texas, 213; Secrest v. Jones, 30 Texas, 603; McAfee v. Robertson, 43 Texas, 597; Keys v. Mason, 44 Texas, 144; Ransom v. Brown, 63 Texas, 188; Walker v. Emerson, 20 Texas, 706; Estes v. Browning, 11 Texas, 237.

PLEASANTS, Associate Justice.—This suit was brought by appellee to cancel a deed made by him to appellant on February 22, 1904, conveying to it for street purposes a strip of land described in said deed as follows: "Beginning at a point where the south line of what is known as the Gable tract intersects with the west line of Gable Street, as it now exists, running thence in a westwardly direction along the south line of said Gable tract for a distance of ten feet, and thence in a northerly direction, more or less, to Buffalo Bayou; thence down Buffalo Bayou with its meanders for a distance of forty feet, opposite the east line of Gable Street as it now exists and is located; thence south to an intersection with the east line of said Gable Street as it now exists, forty feet, more or less; thence west to the west line of Gable Street, as the same is now located; thence south along the west line of Gable Street, as now located, to the place of beginning."

The substance of the allegations of the petition are thus accurately stated in appellant's brief:

"That by the terms and recitals in said deed, said property was conveyed by plaintiff to defendant for the purpose of enabling it to widen and extend Gable Street in front of plaintiff's other property situated in the vicinity of the property so conveyed. That said deed contained the stipulation that said plaintiff conveyed said property in consideration of the promise of the city of Houston that it would, within twelve months from October 12, 1903, cause to be constructed and completed an iron or steel bridge across Buffalo Bayou at a point opposite Gable Street, in the Second Ward, connecting with McKee Street, in the Fifth Ward of

said city, and the further consideration that the city would extend Gable Street so as to utilize for street purposes the land conveyed, and have all obstructions removed from said land within twelve months from the date of said deed, and have said property opened up and utilized as a street. That said deed contained a stipulation that said deed was made upon condition that the city of Houston performed the covenants stated in the deed, and that should it fail to assist the county of Harris in the construction of said bridge, and for that reason the bridge should not be built and completed as therein specified, and that should the city fail to have the land conveyed, cleared of obstructions and utilized as a part of Gable Street, within twelve months from October 12, 1903, the said conveyance should be void, and all rights conferred upon said city should revert to plaintiff. That the plaintiff received no consideration whatever for the execution of said deed, and that it was not intended he should receive any consideration, except such as he would receive on account of having the land described in the deed converted into a public street, with a bridge across Buffalo Bayou at the foot of said street when so extended. That at the time said deed was executed, Gable Street was a narrow street in width, including sidewalks, extending from Race Street in a northerly direction about 388 feet from Buffalo Bayou; that there was no outlet north of its terminus, and that the portion of the street then in existence was too narrow for use as a public thoroughfare; that the plaintiff owned and still owns about 10 acres of land lying along the north and west line of Gable Street, and extending to Buffalo Bayou; that plaintiff desired to have Gable Street widened ten feet, and have it extended from its terminus to Buffalo Bayou, in order that he might utilize said street so made in front of his property as a means of ingress and egress; that if the city had complied with its covenants contained in said deed, plaintiff's property abutting thereon would have been greatly benefited. That the time within which the said covenants were to have been performed has long since expired, and defendant has failed and refused to comply with the terms of said deed; that it failed to have the land described in said deed cleared of obstructions and utilized as a street, and has refused to extend Gable Street, and refused to assist Harris County in building a bridge across Buffalo Bayou; that while it is true Harris County did construct a steel bridge across Buffalo Bayou opposite McKee Street, same was built without the assistance of the defendant, and was not completed within the time stipulated in the deed. That instead of said city utilizing that portion of the land conveyed to it in the deed, extending from the terminus of Gable Street about 388 feet northward to Buffalo Bayou, said defendant permitted Harris County to utilize the same for the purpose of constructing thereon the trestle work extension of the bridge across said Bayou, which is constructed at a great elevation above plaintiff's land and above the grade line of Gable Street, as the same would have been constructed had the said property been utilized for the purpose of a street; that said abutment operates as an obstruction to plaintiff in the use and enjoyment of his property. That the city failed, neglected and refused to remove the obstructions from the strip of land ten feet in width, running parallel with Gable Street, and failed and refused to widen said Gable Street so as to include said 10 foot strip, so that a

portion of plaintiff's property is still situated upon said narrow street or same abuts upon the narrow strip of land intervening between it and what is now Gable Street. That the said covenants contained in the deed were to be performed, and were expressly made the essence of the contract by the terms of said deed. Plaintiff prayed that he have judgment against the defendant, cancelling said deed, and rescinding the executory contract of sale or conveyance, evidenced thereby, and that he recover the title and possession of the property and premises described in said deed, and that his title to the same be quieted and vested in him." The suit was filed on December 6, 1904.

The defendant answered by general and special exceptions, the special exceptions being as follows:

"(1) That it was not alleged therein that time was of the essence of the contract which plaintiff was seeking in his petition to have rescinded.

"(2) That plaintiff did not offer to do equity and offer to return to the defendant the consideration which he had received for the deed which he was seeking to have cancelled.

"(3) That it appeared from said petition that plaintiff had a full, adequate and complete remedy at law, and was not entitled to the equitable relief of rescission of the contract in his petition sought to be rescinded."

It also interposed a general denial, and by special pleas averred that the contract had been substantially performed on its part, and that at the time of making said contract it was not understood by the parties that time was of the essence of the contract, but it was only contemplated that the conditions upon which the deed was executed and delivered should be performed within a reasonable time, and it was not agreed or understood by the parties that failure to comply with said conditions within the time specified in the deed would authorize its cancellation. The answer closes with the following tender of performance:

"And the defendant offers to do equity and to proceed without delay and with all possible despatch with the performance of the conditions upon which said deed was executed and delivered, which have not yet been performed."

The cause was tried without a jury, and judgment was rendered in favor of plaintiff cancelling the deed and decreeing him title and possession of the land in controversy.

The deed sought to be canceled was executed for the considerations set out in the petition, and contains the following recital:

"It is understood, however, and hereby expressly stipulated, that this conveyance is made upon the condition that the city of Houston shall keep and perform its covenants as hereinbefore set forth, in consideration of which this conveyance is made, and should the said city of Houston fail to aid and assist the county of Harris in the construction of said bridge, and if, for that reason, said bridge should not be built, finished or completed within the time hereinbefore specified, or should the said city of Houston fail to have the land hereby conveyed cleared of obstructions and utilized as a part of Gable Street for the use of the public of said city within twelve months from October 12, 1903, then this conveyance shall become null and void, and all the title and rights above conferred upon said city shall revert to me, but upon the

compliance upon the part of said city of Houston with its covenants, as
hereinbefore set forth, this deed shall become and remain absolute."

There is no evidence that the appellant ever performed or attempted
to perform any of the obligations imposed upon it by said deed.

The county of Harris built a bridge over Buffalo Bayou at the point
designated in the deed, but this bridge was not built with the aid of
appellant, and was not built within the time specified in the deed, it·
not having been completed until November, 1904. No part of the land
conveyed by the deed has been cleared of obstructions or in any way im-
proved or prepared by appellant for use as a street. The county of
Harris has constructed a dump and trestle work approach to the bridge
before mentioned over that portion of the land conveyed by said deed
extending from the end of Gable Street north to the bayou. This
approach is much higher than the grade line of Gable Street and neces-
sarily prevents the use as a street of that portion of the land upon which
it is placed. The evidence shows that the necessary expense of remov-
ing the obstructions from the remainder of the land and preparing it
for use as a street would be considerable. The only evidence as to the
ability and willingness of the city to perform its contract in this regard
is the following testimony of the mayor of the city:

"In view of the expense, in addition to moving the five houses and
fences, and in view of the city's financial condition, I think we could
probably and would have it done during this year, probably in the fall.
I say that for the reason that up to about the first of September we
probably—say from about April to the 1st of September—probably we
would have to borrow money because we would have none coming in,
but we expect to have it about the 1st of September. We could, if it
were a pressing need, borrow the money under the charter without any
question at all, and we would have no difficulty in financing it. To build
that six hundred feet I believe would cost a right smart sum of money
and that is a thing that is problematical, in all probability it would be
done during that time, but I wouldn't undertake it right away."

On redirect examination he testified:

"We plead here and offer to do equity, and as far as possible do all
necessary to protect Mr. Kapner and perform this contract; if this court
would enter a decree cancelling this deed upon the condition that these
obstructions were not moved back and this street put in proper condition
within sixty or ninety days, something of that kind, as to whether or
not it is within the power of the city under a pressing necessity of that
kind to move back these obstructions and fix the street as Mr. Love has
indicated, from what I have heard of the evidence, that would have to be
done, and I should think so."

The trial judge filed conclusions of fact and law which appear in the
record, but it does not appear that any request for such conclusions was
made by either party. Appellant objects to our considering these con-
clusions on the ground that, no request having been made for same, they
can not be properly regarded as a part of the record. The statute does
not require a trial judge to file his conclusions of law and fact in cases
tried by him unless so requested by one of the parties to the suit, and
when such conclusions are voluntarily filed by the judge neither party
is required to take notice of them, and no exception to the conclusions

nor assignment predicating error on the findings of fact therein contained is required of the party against whom such finding is made to entitle him to attack the judgment on the ground that it is unsupported by the evidence. (Rev. Stats., art. 1333.) Conclusions of fact and law voluntarily filed by a trial judge can not be given the force and effect of conclusions filed under the statute above cited. The question of whether conclusions so filed can be considered by an Appellate Court as a part of the record for any purpose is not presented, and we do not feel called upon to decide.

The several assignments of error presented in appellant's brief raise but the one question of whether the evidence is sufficient to sustain the judgment of the trial court. There is no conflict in the testimony and the question is only as to the legal effect of undisputed facts.

The deed from appellee to appellant declares in plain and unequivocal language that the conveyance of the land is upon condition that appellant should perform the covenants in consideration of which the deed was executed within the time specified, and if it failed so to do no title should pass by the deed, and all the rights of appellant thereunder should revert to the grantor. None of these covenants have been performed by the appellant, and the bridge which was constructed by Harris County was not completed within the time specified in the deed.

No consideration was paid appellee for the conveyance. He had no direct interest in the bridge, and his only compensation for parting with his land was the incidental benefit which he would derive from the enhancement in the value of his adjoining property caused by the construction of the bridge and the improvement of the street. Under these facts time must be considered as of the essence of the contract, and appellant not having performed its covenants within the time specified acquired no title to the land. (Garrison v. Cooke, 6 Texas Ct. Rep., 605.)

If the failure to complete the bridge within the time specified in the contract was not in itself a sufficient ground for rescission, appellant has shown no equity which would entitle it to any further extension of time in which to perform the contract, there having been no effort on its part to perform any of its contract undertakings. It in no way procured, or aided in the construction of the bridge by Harris County, and the mere fact that a bridge has been constructed can not be regarded as a part performance of the contract by appellant and raised no equity in its favor.

We are of opinion that the judgment of the trial court should be affirmed and it has been so ordered.

*Affirmed.*