### SEWALL v. COLBY et al.

(Court of Civil Appeals of Texas. El Paso. Jan. 29, 1914. Rehearing Denied Feb. 26, 1914.)

1. EXCEPTIONS, BILL OF (§ 39*)—TIME OF FILING.

Where the term of court may by law continue more than 8 weeks, bills of exception must be filed within 30 days after adjournment, unless the court shall, by order entered of record, extend the time for filing.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 51, 52, 54–56, 60; Dec. Dig. § 39.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

2. APPEAL AND ERROR (§ 547*) — RECORD —
BILL OF EXCEPTIONS—NECESSITY.

Where it is desired to present on appeal the refusal of the trial court to file conclusions of law and fact as requested, the matter must be presented by an appropriate bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427, 2429–2432; Dec. Dig. § 547.*]

3. TRIAL (§ 390*)—CONCLUSIONS OF LAW AND FACT—TIME OF FILING.

Conclusions of law and fact not filed for over two months after the trial come too late and cannot be considered for any purpose.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 913; Dec. Dig. § 390.*]

4. TRIAL (§ 393*)—CONCLUSIONS OF LAW AND FACT—WHAT CONSTITUTE.

Findings of fact and conclusions of law made by the court without request from either party cannot be considered, particularly where it was impliedly conceded by the parties and the court that they were not full but were merely memoranda for the private use of the judge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 920–923; Dec. Dig. § 393.*]

Error to District Court, Harris County; Norman G. Kittrell, Judge.

Suit by Cleveland Sewall against Frank Colby and others. There was a verdict for defendants, and plaintiff brings error. Affirmed.

E. P. & O. K. Hamblen, of Houston, for plaintiff in error. L. B. Moody, of Houston, for defendants in error.

HARPER, C. J. This suit was brought by the plaintiff in error against defendants in error to recover a judgment for $4,000, or so much thereof as the evidence might show him entitled to, as the value of certain lumber and building material used by one Davidson in the construction of certain houses belonging to the defendants. Trial before the court without jury resulting in a decree that plaintiff have nothing, and that defendants recover costs.

[1] Appellant's first three assignments of error request a reversal of this cause for the reason that he was deprived of a material legal right in that he was deprived of the findings of fact and conclusions of law by the trial court, based upon the following bill of exception, which, not denied, recites the facts: "Be it remembered that on August 8, 1911, in the above-numbered and entitled cause (which had theretofore been tried before the court without a jury and which the court had taken under advisement, the court entered judgment in said cause, decreeing that plaintiff therein take nothing by his suit against defendants, being a suit to recover a money judgment, which said judgment was entered by the court about 4 or 4:30 o'clock on the afternoon of said date. That on said afternoon the court also hastily prepared findings of fact and conclusions of law in said cause, which findings of fact and conclusions of law, however, were not made in re-

sponse to any motion therefor by any party to said suit, but were prepared by the court of his own accord, for his own guidance, and the court thereupon instructed the clerk to file same, and the judge of said court left the state that night and was absent from the state until September 10th. That, upon the return of the judge of said court on such date, the plaintiff in the case told the court that plaintiff had filed a motion on August 15, 1911, for the court's findings of fact and conclusions of law, but that, on account of the court's absence from the state, nothing could be done except that plaintiff had caused to be prepared a draft of the findings of fact in said case according to plaintiff's idea, which he tendered to the court and asked the same to be filed in accordance with said motion. The court had some recollection that such findings had been prepared and filed, but the matter not being clear, and said findings not having been found, the court thereupon again prepared findings of fact and conclusions of law, which are attached hereto as part hereof, marked 'Exhibit F' for identification, with the suggestion that plaintiff take said matter up with defendants' counsel and have same inserted in the record by agreement. That upon plaintiff taking said matter up with defendants' counsel, as the court is informed, defendants' counsel got the clerk and made a search to see if any findings of fact and conclusions of law had heretofore been filed, and said counsel and clerk found that same had been filed, but found same, as shown by the clerk's affidavit made part hereof, in the record room for 'disposed of cases' in said clerk's office in a box for 'appeal papers'; but not with the records and papers in the case, and that no entry or record was made of such findings in the case upon any docket or minutes, except that the clerk in his current ledger had entered a charge for filing same. In this respect the attached affidavits marked Exhibits A, B, C, D, E, and F, are referred to as part of this bill. In preparing the findings that were filed the court did so hastily on account of leaving, and in preparing the second set of findings, which are attached hereto as part hereof, the court made certain findings of fact that were not in said original findings so filed, but which were facts that the court found in disposing of the case, and which, at the plaintiff's request, were incorporated in said findings so attached hereto. In this connection I state such were facts as found by me in the disposition of said cause, and that their omission from said original findings was by oversight, and, in so far as I may have the right or authority at this time, I now state that such are my findings, and that such findings appearing in the attached set that may not appear in the original findings are found by me as facts in the case. In this connection, I state that the

term of my court expired by law on August 10, 1911, and that I did not return until September 10, ·1911, and from August 9, 1911, to September 10, 1911, I was absent from the state of Texas, and I make this bill at the request of the plaintiff in order to show that the court, during such time, was not accessible to him in order to have such additional findings of fact made by motion as would have been his right during such time, and before ten days after the expiration of said court term; and I further state, if I had been present and accessible to plaintiff as aforesaid, that I would have made such additional findings of fact in response to his request just as I actually did make them after my return upon his request that the findings of fact be made upon such points. In the original findings of fact it is stated that defendants declined to enter into any agreement or contract with plaintiff in respect to plaintiff's asserted rights in the lumber used in defendants' houses, but upon reflection and reference to the record in said cause, and stenographic report of the testimony, I find that the evidence shows that the agreement sought was one of security for plaintiff, which Davidson agreed to· procure from defendants, and that defendants at first declined to make any written agreement for fear same would be placed on record, but that, upon Davidson agreeing that same should not be placed on record, the written instrument referred to above was executed. In the original findings filed August 8, 1911, I inadvertently omitted a debit of $280 against defendants, which appears in the attached findings and which increases the amount of the balance. Norman G. Kittrell, Judge Presiding."

Appellee objects to this court considering the said assignments because they do not comply with the rules of this court, invoking rules 24 and 25 (142 S. W. xii), but they are not subject to the criticisms made. Also an objection is urged to the consideration of the above bill of exception because it was filed more than 60 days after the adjournment of court.

It is very doubtful whether or not the document above set out is sufficient in form to constitute a bill of exception, but, conceding that it is, this court cannot consider it. The rule is that, where the term of court may by law continue more than 8 weeks, bills of exception must be filed within 30 days after adjournment, unless the court shall, by order entered of record, extend the time for filing same; and in the case at bar, the court being one in which the term might continue 8 weeks, and the time for filing bills of exception was extended for 30 days, which extension expired September 18, 1911, and no further time having been granted by an order to that effect entered of record, this bill of exception, filed October 23, 1911, came too late and cannot form the basis of an assignment of error. Hamill v. Samuels, 104 Tex. 46, 133 S. W. 419.

[2, 3] It is uniformly held by the appellate courts of this state that a bill of exception must be taken to the failure of the trial court to file conclusions of law and fact as requested, in order to entitle the matter to consideration upon appeal. Cotulla v. Goggin Bros., 77 Tex. 32, 13 S. W. 742; Michie Dig. vol. 7, p. 107, and cases there cited. It is equally true that, in the absence of statement of facts through no fault of the appellant, the failure or refusal of the trial judge, upon request in reasonable time, to file his conclusions of law and fact usually necessitates a reversal of the case upon appeal. Fitzhugh v. Franco-Texas Land Co., 81 Tex. 306, 16 S. W. 1078.

It is absolutely essential to a proper consideration of the merits of a cause upon appeal that findings of fact and conclusions of law or a statement of facts be in the record, because in the absence of both, when a case is tried without a jury, and questions of fact upon which the testimony was conflicting, and the trial judge has not filed his conclusions of fact, this court is bound· to presume that his determination of the question has been such as will support the judgment, when in truth he may have made a contrary finding and has erred in his conclusions of. law based upon it. In such a case the appellant fails to secure by his appeal a review of the determination of the legal question, and the reversal of the judgment for the error in the ruling, if error has been committed. It is for this reason, in part at least, that the statute provides that upon a trial by the court the judge shall, at the request of either of the parties, also state in writing the conclusions of fact formed by him separately from the conclusions of law. Article 1989, Rev. Civ. Stat. 1911. It is true that in this case the court filed his conclusions, but more than two months after the adjournment of the term of court at which the case was tried. This is not in compliance with the statute, and is so likely to work injury to one of the parties to the case that when properly brought to the attention of this court, as in this case, cannot be approved. For instance, if the conclusions had been filed within the ten days after adjournment, and they were found not to contain a finding upon some material issue, or if either party to the suit thought any one or more of the findings were not supported by the facts, he could take proper steps to have· additional findings or to attack the findings as made and to have his statement of facts prepared and filed with the record, and thus fully present his case in appeal for review.

And litigants are not required to follow the trial judge·into foreign states, summer resorts, or favorite fishing places to secure his action upon motions filed with the court. But matters complained of in the trial court must be brought to the attention of this court in the way prescribed by the statutes

and the rules of the court (in this case by bill of exception) in order to authorize their consideration at all, and herein is where appellant's fault lies, for since the appellant has neglected to keep the record straight as above indicated, his assignment of error based upon the bill of exception in the record cannot be considered.

[4] Appellant presents some assignments in his brief based upon the finding of fact and law filed by the court on the 8th day of August, which were made, as the record discloses, without request from either party; that by reason of this fact they cannot be considered, especially in view of the further fact that appellant and the trial court both indicate that such were not full, complete, or possibly correct so far as they go. Neither party was required to notice them, and even appellant only does so as a case of last resort. City of Houston v. Kapner, 43 Tex. Civ. App. 507, 95 S. W. 1103.

There being no findings of fact and conclusions of law in the record which can be considered, and no statement of facts, and being no fundamental error apparent, the judgment of the lower court is affirmed.

Affirmed.