## WALLER v. ROSS et al.   (No. 11472.)

(Court of Civil Appeals of Texas. Fort Worth. March 6, 1926. Rehearing Denied May 1, 1926.)

1. Specific performance ☞121(3)—In suit for specific performance of contract requiring defendant to execute oil lease, if negotiations, for drilling of well on tract by other parties were not consummated within 30 days from date of lease, evidence held to warrant finding that negotiations were not so consummated.

In suit for specific performance of contract requiring defendant to execute oil lease on an additional tract of land, if negotiations for drilling of well thereon by other parties were not consummated within 30 days from date of lease, evidence *held* to warrant finding that negotiations were not consummated within stipulated time.

2. Specific performance ☞119.

In suit for specific performance of contract requiring defendant to execute an oil lease, plaintiffs had burden of showing right to specific performance.

3. Mines and minerals ☞57—Time held of the essence in contract requiring defendant to execute to plaintiffs an oil lease if other negotiations were not consummated within 30 days, in view of speculative value of mineral rights, and that value of property might be materially enhanced by production of oil by well on other property.

Where contract required defendant to execute to plaintiffs an oil lease on an additional tract of land if they complied with their con-

tract to drill well on leased tract, and defendant did not consummate negotiations for drilling well on additional tract within 30 days from execution of lease, *held*, that in view of fluctuating and speculative value of mineral rights, and defendant's property would be materially enhanced by production of oil from leased tract, time was of the essence.

**4. Judgment ☞91—Judgment, reciting agreement of parties thereto that proceeds from sale of leasehold rights should be paid to prevailing party, held to estop defendant from contending that judgment was not final, in that amount of proceeds was undetermined and that purchaser and escrow agent were not parties to judgment.**

In suit for specific performance of contract to execute oil lease, judgment, reciting agreement of parties thereto that proceeds of sale of leasehold rights should be paid to prevailing party in suit, *held* to estop defendant from contending that judgment was not final because it did not determine amount of proceeds of sale which should be paid to prevailing party, and because purchaser and escrow agent were not made parties to the suit, since there was a final adjudication of rights of parties to such proceeds.

Appeal from District Court, Wichita County; Guy Rogers, Judge.

Action by Dwight Ross and another against H. A. Waller. Judgment for plaintiffs, and defendant appeals. Affirmed.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

Wm. R. Watkins, of Fort Worth, for appellees.

DUNKLIN, J. Dr. H. A. Waller entered into a contract in writing with Frank and Dwight Ross to execute to them an oil and gas lease on 80 acres of land out of section 6, Tarrant county school lands, in Wichita County, in consideration of their agreement to move suitable drilling equipment onto the 80 acres and to commence drilling a well thereon within 10 days from the date of said contract and prosecute the same with due diligence to the depth of 750 feet, unless oil and gas should be found therein at a shallower depth. The written contract so executed by Waller named him as party of the first part and Frank and Dwight Ross as parties of the second part, and contained this further stipulation:

"It being understood that the party of the first part is negotiating for the drilling of a deep test for oil and gas in the vicinity of said property, he further agrees that in the event the negotiations pending therefor are not consummated within 30 days from this date to make, execute and deliver to the parties of the second part, an oil and gas lease of like tenor, reading and as the lease to the hereinbefore described property," on 40 acres additional out of said section 6, Tarrant county school lands.

The proof shows that Frank and Dwight Ross complied with that contract to drill the well mentioned on the 80-acre tract, discovered oil in paying quantities, and Dr. Waller executed a lease to them as he had agreed to do.

Thereafter Frank and Dwight Ross instituted this suit against Waller to enforce specific performance of his contract to execute to them a lease on the additional 40 acres mentioned above, upon allegations of performance by them of their contract with Waller, and upon further allegations that the negotiations for the drilling of the deep test for oil and gas in the vicinity of the 80 acres, pending at the time of the execution of the contract, were not consummated within 30 days from the date of the contract. In other words, it was alleged that Waller had breached his contract to execute a lease on the additional 40-acre tract, although plaintiffs had fully performed their obligations given in consideration therefor; and the Waller contract and the breach thereof was made the basis of plaintiffs' suit.

The defendant filed a general denial, and also specifically pleaded that negotiations pending between him and other parties for the drilling of a deep test well at the time the contract was executed were in fact consummated within 30 days from the date of the contract. Neither the plaintiffs' petition nor the defendant's answer contains any allegations as to the names of the parties with whom negotiations were pending at the time the contract was executed.

The case was tried before the court without the aid of a jury, and the trial judge filed no findings of fact or conclusions of law, but the judgment rendered recites a finding that the material allegations in the plaintiffs' petition had been established by proof; and upon that finding judgment was rendered in favor of the plaintiffs. From that judgment the defendant has appealed.

[1] Appellant has attacked the jugment on the ground that the finding that the material allegations contained in plaintiffs' petition had been established by evidence was without support in the evidence, and contrary to the proof introduced showing that the negotiations referred to in the contract for the drilling of a deep test well were in fact consummated within a period of 30 days from the date of the contract. We are unable to sustain that contention. There was testimony to show that appellant entered into some character of oral agreement with W. B. Larkin to convey to him a one-fourth interest in the oil and gas which might be produced from a 40 acres out of section 6 from a well which appellant agreed with Larkin that he would drill at his own expense, if Larkin would personally attend and supervise the drilling operations, and that Larkin should

also have the right to sell leases for Waller on other lands in that vicinity and to receive a commission from said sales. That testimony also tended to show that that agreement was made within the 30-day period next ensuing after the date of the contract. There was also introduced a written contract between appellant and Larkin, dated ——— day of January, 1925, by the terms of which appellant agreed to drill a deep test well on a 40-acre tract in section 6, Tarrant county school land, and to give to Larkin one-fourth of the oil and gas realized therefrom, upon his agreement to superintend the drilling operations. The contract further stipulated that Larkin should have the right to find purchasers for several other tracts in the same section and receive a commission therefor. The contract also recited that a verbal agreement between the parties to the same effect had been made on November 16, 1924. There was also introduced in evidence a written contract between appellant and the Comet Petroleum Company, dated January 8, 1925, by the terms of which the Comet Company agreed to drill a well on 40 acres of land in said section 6, the drilling operations to begin February 10, 1925, and to be continued to a depth of 2,000 feet, unless oil and gas should be found at a shallower depth. However, the testimony of both appellant and Larkin, with reference to the oral agreement which preceded the written agreement between them, was not of such a definite and specific character as to warrant this court in holding that it conclusively showed that negotiations for the drilling of a deep test well were consummated within 30 days from the date of the written contract upon which the suit was based. November 13, 1924, was the true date on which that contract was executed, as conceded by all parties on this appeal, although the date as written was "the ——— day of November, 1924." A 30-day period from that date expired December 13, 1924, while the written contract between appellant and Larkin was dated January ———, 1925, long after the expiration of the 30-day period.

The testimony showed that in the negotiations between appellant and appellees, which culminated in the execution of the contract sued on, appellees insisted that they should have a lease on the 40 acres in controversy in addition to the 80 acres, as a consideration for drilling upon the 80 acres. Appellant refused then to accede to that demand, but by reason thereof did agree to execute a lease upon the 40 acres if the negotiations then pending for a deep test well were not consummated within 30 days from the date of the contract.

[2, 3] Neither in the trial court nor in this court has appellant made any contention that time was not of the essence of the agreement to execute to appellees a lease on the 40 acres in controversy, and although no such question has been presented, yet since the suit was for the equitable relief of specific performance, and the burden was upon plaintiffs to show a right thereto, we deem it proper to say that a prima facie showing that time was of the essence of the contract, in view of the circumstances surrounding the transaction, such as that it involved mineral rights of fluctuating, uncertain, and speculative value, and the fact that it then appeared to the parties that the value of the 40 acres in controversy, as well as other property owned by appellant, would be materially enhanced by the production of oil from the 80 acres which appellees had undertaken to drill. 2 Williston on Contracts, § 854; 13 C. J. 686, 687; City of Houston v. Kapner, 43 Tex. Civ. App. 507, 95 S. W. 1103.

After reciting a finding by the court that the material allegations of plaintiffs' petition had been proven, and that plaintiffs were entitled to the relief prayed for, the judgment concludes as follows:

"During the pendency of this suit the parties by a written agreement duly recorded in the deed records of Wichita county, Tex., consented and agreed to the sale of the oil and gas leasehold rights covering 40 acres of land involved in this suit, the proceeds of the sale thereof to be paid out under the terms of said agreement to the successful party in this suit.

"It is therefore considered, ordered, adjudged, and decreed by the court that the plaintiff, Dwight Ross, do have and recover of and from the defendant, H. A. Waller, the proceeds of the sale of said oil and gas leasehold rights on said 40 acres of land described in plaintiff's petition as provided for in their said agreement, and the Security National Bank, the escrow agent, is hereby authorized and directed to pay the proceeds of the sale in its possession to the plaintiffs herein, and the said Comet Petroleum Company is authorized and directed to pay to the plaintiffs herein, as provided in said contract, the amount payable by it under its contract of purchase of said lease with the defendant H. A. Waller when due and payable as therein provided. To all of which action and ruling of the court the defendant excepts."

[4] Appellees' suit was for specific performance, and they did not file any amended pleadings setting up the agreement between the parties recited in the judgment, and appellant insists that since the law requires that the judgment must follow pleadings the judgment rendered was erroneous and should be reversed for lack of proper pleadings. It is further insisted that the judgment was not a final judgment, since it did not determine the amount of the proceeds of the sale which the Security National Bank, the escrow agent, should pay over to the plaintiffs, nor the amount the Comet Petroleum Company should likewise pay over to the appellees, in connection with the other point made, that neither the bank nor the Comet Company were made parties to the suit.

While the points made present perhaps irregularities, we do not believe that appellant is in any position to take advantage of them, in view of his agreement which is recited in the judgment. Even though the bank and the Comet Petroleum Company were not parties to the suit and are not bound to the plaintiff by reason of the judgment, yet there was a final adjudication of the rights of the parties to the funds in the hands of the bank and the Comet Petroleum Company. Those were the only disputed issues between the parties to the suit, and the judgment finally settles the right of appellees to the money due and to become due by the bank and the Comet Petroleum Company under the respective undertakings of those parties. Furthermore, it appears that funds will arise in the future to which appellees will be entitled under the judgment from the Comet Petroleum Company from the wells which that Company has undertaken to drill, and necessarily the amount of the proceeds could not be determined in advance.

For the reasons noted, all assignments of error are overruled, and the judgment of the trial court is affirmed.