## REYES v. DE LA FUENTE et al. (No. 8153.)

Court of Civil Appeals of Texas. San Antonio. Feb. 13, 1929.

Rehearing Denied April 3, 1929.

E. T. Yates, of Brownsville, for plaintiff in error.

E. W. McKay, of Brownsville, for defendants in error.

FLY, C. J. . Felipa Cabrera de la Fuente, joined by her husband, Margarito de la Fuente, instituted this action against the plaintiff in error, Guillermo Reyes, alleging that a certain sum of money was borrowed by defendant in error Margarito de la Fuente, and he executed a certain instrument which was a warranty deed to a certain lot of land in San Benito, which he thought was a mortgage, but, when the money was tendered in

payment, he found a warranty deed to the lot, and it was sought to cancel the deed and divest any title evidenced thereby out of plaintiff in error. The court rendered judgment in favor of defendants in error, canceled the deed, and, declared it null and void. The defendant in the lower court, Guillermo Reyes, sued out this writ of error to this court.

■■ The court recites in the judgment, as its basis, that the lot in controversy was the homestead of defendants in error and that the deed executed by Margarito de la Fuente to plaintiff was null and void. The evidence did not clearly show that the lot was a homestead, but it was ample to show that the instrument was intended as a mortgage and not as a deed, and, the debt it was given to secure having been paid, the court properly declared that the instrument was null and void. The deed was not signed by the wife.

While this court may differ from the trial court on the recitation in the judgment that the property under the law and the facts was the homestead of defendants in error, which recital was made the basis of the judgment, it does not follow that the erroneous reason given for rendition of the judgment should invalidate it.

The facts show without controversy that the lot was bought and paid for by Margarito de la Fuente in 1924, and in October, 1926, desiring to borrow a certain sum of money, he sought a loan from plaintiff in error. He obtained a loan for 25 days,· and, in order to secure the loan, Margarito executed what he was told by Reyes was a mortgage. He paid the money in full that he had borrowed when it became due, and asked for, and obtained, a receipt. The instrument proved to be a deed to the lot instead of a mortgage, and Reyes refused to cancel it or to reconvey the land to Margarito Reyes, but admitted to different parties that the instrument was intended as a mortgage, and that he had been paid the full sum it was given to secure. Neither Margarito nor his wife could read and write any language. The evidence was uncontradicted, and clearly showed fraud.

■ The first and second assignments of error have no basis in the record, which fails to show that the court took any action of the special exceptions of the overruling of which plaintiff in error complains. Neither is there any foundation for the assignment of error which complains of the failure or refusal "to file a statement of facts and conclusions of law." There was no request made by plaintiff in error or any one else to the court to file findings of fact and conclusions of law, and under such circumstances the court is not required to file them. There is a statement of facts agreed to by plaintiff in error.

■■ Defendants in error not only alleged but proved fraud upon the part of plaintiff in error when a warranty deed was obtained from Margarito de la Fuente under the pretense that it was a mortgage, No one, not even Reyes himself, controverted the fact that the instrument was intended as a mortgage, and he admitted having been repaid the loan made to Margarito. Fraud in obtaining the warranty deed would be sufficient to sustain the judgment. It is the rule that, when no findings of fact and conclusions of law are found by the court, the judgment will be sustained, if there is testimony supporting any theory authorizing the judgment. There are facts found and conclusions of law given in the judgment, but, in the absence of a request for such findings and conclusions, they will not be considered. City of Houston v. Kapner, 43 Tex. Civ. App. 507, 95 S. W. 1103.

■ The court did not pass on the question of fraud of plaintiff in error's obtaining a deed under the guise of securing the payment of money by a mortgage from a man, ignorant and unable to read and write, but that fact was undisputed, and, if the reasons given in the judgment for its rendition are not supported, still it can and will be sustained on an uncontroverted fact which is sufficient to uphold the judgment. The reasons for the judgment given by the trial judge may be ignored and the judgment sustained on other reasons and other uncontroverted facts. Davis v. Hemphill (Tex. Civ. App.) 243 S. W. 691. It is not necessary to recite the facts upon which a judgment is based, and, when it recites facts not sufficient to sustain it, it still may be· valid, if there be other facts not recited which fully uphold it. Chapman v. Sneed, 17 Tex. 428; Cook v. Hancock, 20 Tex. 2. In the case of Chapman v. Sneed the court held that recitals of facts in a judgment are unnecessary, and further: "They do not conclude the supposition that there were other facts proved, which aided in constituting the basis of the judgment; and it is entitled to all the presumptions in its favor, which are indulged in ordinary cases where there is no statement of facts." If the conclusion reached by the court was correct, it will be sustained, although a wrong reason was given for the conclusion. Dean v. Crenshaw, 47 Tex. 10; Swift v. Trotti, 52 Tex. 498. As said in Freeman on Judgments, § 2: "The reasons announced by the court to sustain its decision * * * constitute no part of the judgment."

The judgment will be affirmed.

### On Motion for Rehearing.

■ It is the custom that requests for findings of fact and conclusions of law should be made on a separate paper, and, finding no such request in the record, this court concluded that none had been made, and did not inspect the motion for new trial to find such request there, where plaintiff in error contends it was made. There are findings of fact, however, in the judgment showing upon what facts the court based its judgment, and

there is a full statement of facts agreed to by plaintiff in error, and he could not have been injured by a failure to find the facts and give the conclusions of law separate from the judgment. Aukerman v. Bremer (Tex. Civ. App.) 209 S. W. 261; Wardlow v. Andrews (Tex. Civ. App.) 180 S. W. 1161; Schaff v. Kennedy (Tex. Civ. App.) 220 S. W. 223. No other judgment could properly have been rendered than the judgment rendered by the court. Plaintiff in error contends no findings of fact were found by the trial court, and yet states: "This court erred in setting aside the findings of facts of the trial court, the same having been requested by plaintiff in error, which findings of fact were that the instrument sued upon was a deed and not a mortgage, and in finding that said instrument was a mortgage." It is true that the court called the instrument a deed, and in form it was a deed, but does not pass on the contention of defendants in error that, though in form a deed, it was in truth and in fact intended merely as security for a loan of money. The facts as to the deed having been procured by fraud and being intended as a mortgage by the maker of the instrument are not controverted, and the judgment of the court will not be reversed because the reason assigned for it shows that the court was mistaken as to facts upon which it was based. Mainwarring v. Templeman, 51 Tex. 205.

While we had doubts as to the sufficiency of the evidence to sustain the finding of the trial judge that the property was a homestead, still there is some testimony to that effect, and we do not overrule the finding on that point, but do hold that independent of it the judgment should be affirmed.

Motion for rehearing is overruled.