### THOMAS H. CHAPMAN v. SEBRON G. SNEED.

An amendment to a petition, which merely enlarges the prayer, so as to enable the Court to decree the relief to which the plaintiff is entitled upon his cause of action, does not introduce a new cause of action.

Where a note stipulated that it should be a lien on a certain judgment in favor of the maker, and it appeared that the judgment had since been executed upon land which belonged to the plaintiff and defendant in partnership, and which was bid off by the plaintiff in the judgment, the maker of the note, the Court, in rendering judgment on the note, decreed that it should be a lien on an undivided interest of one-half of the said land, and that execution should issue to sell the same in satisfaction thereof.

See this case as to certainty in pleading, where no objection is made; and as to objections that the decree is not conformable to the case stated in the pleadings, when there is no statement of facts.

We have heretofore decided that the mere omission of the Judge to comply with the direction of the statute, to reduce his charge to writing, before giving it, is not error for which the judgment will be reversed.

Error from Travis.    Tried below before the Hon. Thomas H. DuVal.

Suit by defendant in error against plaintiff in error on a promise in writing as follows :

Due S. G. Sneed five hundred dollars for his fee in the case of Thomas F. Chapman against Edward P. Oliver; and this is to operate as a lien on said judgment. this 30th day of March, 1856.    T. F. Chapman.

The original petition was the ordinary petition in debt on note, but an amended petition filed on the day of trial, prayed for the enforcement of plaintiff's lien on the judgment of Chapman against Oliver, as specified in the note, and for general relief.

The Court rendered the following decree :

And now on this, the 24th day of July, 1856, during a regular Term of the District Court of Travis county, came into

Chapman v. Sneed.

Court the parties to the above entitled cause and announced themselves ready for trial ; and thereupon came a jury of twelve good and lawful men, who, being duly sworn to try the matters in controversy, retired after hearing the evidence adduced, the arguments of counsel and charge of Court, and returned into Court the following verdict :  " We the jury find for the plaintiff the sum of five hundred dollars, with legal interest from the 30th March, 1856, and that the said sum is a lien upon the judgment of the Court in favor of said defendant. (Signed)  D. J. Adams, foreman." And it further appearing to the satisfaction of the Court that said judgment, on which said lien of five hundred dollars secured by note, has and is a lien, by reason of the proportional services as an attorney rendered by the said Sneed in said cause wherein Thomas F. Chapman was plaintiff, and Edward R. Oliver was defendant ; that said judgment was rendered at the Fall Term of the District Court of Travis county. A. D. 1853, on the 30th of September, and that Joseph Lee, by the terms of said judgment, was appointed by said Court. receiver, with power under said judgment, among other things, to take possession of a partnership tract of land, belonging at that time, jointly to Thomas F. Chapman and Edward R. Oliver, and situated and described as follows : (here follows a description of the land.) And it further appearing to the Court from the report of the receiver, Joseph Lee, filed in open Court on the 24th day of July, A. D. 1856, that none of the personal property, named and described in said decree in favor of said Chapman, had come to the possession of said receiver, he having failed to obtain possession of the same, and that he sold on the 4th day of March, 1856, as such receiver and as required by said judgment, the above described property or tract of land on which the said Sneed, with the knowledge and by contract with said Chapman, had a lien for the said sum of five hundred dollars with interest ; and that the said Thomas F. Chapman was the purchaser of said land at said sale. It is therefore considered,

ordered, adjudged and decreed that the said Sebron G. Sneed do have and recover of and from the said Chapman the said sum of five hundred dollars, with interest from the 30th March, 1856, and all his costs in this behalf expended, and that the said plaintiff have a special lien on an undivided interest of one half of said tract of land so purchased by said Chapman, to sell which to satisfy this judgment an 'execution may issue.

There was no bill of exceptions nor statement of facts.

*B. F. Carter,* for plaintiff in error.

*E. B. Turner,* for defendant in error.

WHEELER, J. The objection that the amendment of the petition introduces a new cause of action, we do not think well taken. The cause of action was fully set out in the original petition. The amendment had reference only to the relief; enlarging the prayer of the petition, to enable the Court to decree the relief to which the plaintiff was entitled upon his cause of action.

Nor is the objection tenable, that the decree was not conformable to the case stated, and the relief sought. The petition might have been more certain in stating the facts of the case, on which the plaintiff based his right to that particular relief ; and the prayer of the petition might have been more specific. But there was sufficient certainty to indicate the grounds and nature of the relief sought, and enable the Court to hear the proofs and proceed to a decree thereon, in accordance with the allegations and prayer of the petition. It is sufficient, on error, that such is the nature of the decree which has been rendered. The objection to the want of certainty should have been taken by exceptions, so that the plaintiff might have had the opportunity, if necessary, to amend in this particular. The prayer o the petition was for the enforcement of the plaintiff's lienf

This could only be effected by decreeing the seizure or transfer of the subject matter or the avails of the judgment in the defendant's hands, on which, by the terms of the contract, the lien was to attach. This is what the decree does. It is not inconsistent, therefore, with the allegations and prayer of the petition, but in accordance with them, and conformable to the plaintiff's statement of his case.

It is objected that the decree was not warranted by the facts recited therein. If the recital in the judgment were to be taken to embrace all the facts proved upon the trial, the argument for the appellant on this point would be irresistible. But it is not to be so taken. The decree does not profess to recite all the facts ; and there is no statement of facts. The recitals were unnecessary, and are only to be taken as evidence that such facts were in proof. They do not conclude the supposition that there were other facts proved, which aided in constituting the basis of the judgment ; and it is entitled to all the presumptions in its favor, which are indulged in ordinary cases where there is no statement of facts. The debt appears to have existed anterior to the note on which this suit is brought ; which recognized it as a subsisting debt, and expressed that it was to operate as a lien on the judgment. It may have appeared in proof that the lien, as well as the debt, subsisted, by the agreement of the parties, anterior to the giving of the note and the sale by the receiver. If so, the property was subject to the lien in the hands of the defendant ; and we are to indulge every presumption in favor of the judgment.

The recitals in the decree are principally of matters appearing by the judgment, in the case of Chapman v. Oliver. That judgment was before the Court ; but it is not in the record ; nor do the recitals enable us to determine what were its full operation and effect. It is evident that the recitals in the judgment under revision, give but a partial view of the material facts in evidence before the Court. And it would be unsafe and unprecedented, to revise the judgment and adjudicate

the cause upon the facts, when they are not before us, otherwise than in an incomplete and partial state.

The remaining objection to the judgment is that the charge of the Court was not in writing, as the statute directs. But we have heretofore decided that the mere omission of the Judge to comply with the direction of the statute in this particular, is not error for which the judgment will be reversed. (Reid v. Reid, 11 Tex. R. 585.) We are of opinion that there is no error in the judgment and it is affirmed,

Judgment affirmed.