WILLIAM E. OWEN & WIFE v. OWEN SHAW AND OTHERS.

A decree for specific performance of a contract to convey land, in a suit against the administrator of the vendor and guardian of his sole heir, if valid, conclusively determines the estate of such heir.

Where service of citation was acknowledged on the 19th, and the return day was on the 23d, less than five days thereafter, and no answer was filed, but the entry of judgment recited the appearance of the parties, and it did not appear from the certified copy of the judgment whether it was rendered at the next or a subsequent Term of the Court, it was held that the judgment was not invalid for want of jurisdiction of the person of the defendant.

Where the plaintiff in an action of trespass to try title, claimed as sole heir of A, and some of defendants pleaded not guilty, and others pleaded not guilty and that they claimed title under A, but did not state the particulars; the defendants having given in evidence a decree in favor of one under whom they claimed, against one sued as the administrator of A and guardian of the plaintiff, for the specific performance of a bond to convey the land sued for, and it being admitted that the defendant in said decree was administrator of A; it was held that it was not necessary for the defendants to prove *aliunde* that the defendant in said decree was guardian of the plaintiff, although the said decree was rendered against him as guardian and not as administrator.

6

Owen v. Shaw.

That a decree purports to detail the facts proved, but fails to state facts suffi-
cient to justify such decree, is no objection to its validity.

Where the title to a league and labor of land was issued by the Republic to the
heirs of one who was killed in the Alamo, and in a suit against the adminis-
trator of the deceased and guardian of his sole heir, there was a decree for a
conveyance of one-half league of said land, upon a contract of the deceased to
convey one-half league of his headright, it was held that the heir who had
come of age, was concluded by said decree, and could not recover back said
half league, in an action of trespass to try title, which she claimed on the
ground that she became entitled to the land, not as heir of the deceased, but
as donee in her own right, under the tenth Section of the General Provisions
of the Constitution of the Republic.

See this case and Sections 9 and 11 of the Act of Limitations of February 5th,
1841, and Section 142 of the Act of May 13th, 1846, to regulate proceedings
in the District Court, (Hart. Dig. Arts. 2385, 2387, 794,) as to mode of pro-
ceeding where it is claimed that injustice was done to minors by a decree of the
District Court.

Error from Travis.    Tried below before the Hon. Edward H.
Voutress.

Action of trespass to try title, commenced in Williamson
county, Oct. 17th, 1855, by William E. Owen and Eliza Ann
Owen, his wife, to recover of defendants the east half of a league
of land in Williamson county.   The plaintiffs claimed as sole heir
of Sherrod J. Dover, who died in 1835, and by patent to the
heirs of said deceased.

The defendants pleaded not guilty, the statute of limitations,
and suggested improvements in good faith; and two of them
alleged that they claimed under Sherrod J. Dover.   Venue
changed to Travis county.

It was agreed that all the parties claimed under the same
patent; that said Dover was killed in the Alamo in the Fall of
1835, leaving as his only heir, his daughter, the plaintiff Eliza
Ann, who was born in Texas in November, 1834, and had re-
sided here ever since, and prior to the institution of this suit had
intermarried with William E. Owen; that in 1837 Jonathan
Burleson administered on the estate of Sherrod J. Dover; ap-
plied to the Board of Land Commissioners of Bastrop county, and
obtained a certificate for a league and labor; located a league
on the league of land described in the petition; had it surveyed,
and returned the field-notes and obtained a patent to the heirs of
Dover in 1841; that the government dues and office expenses

were paid by said administrator, as well as the surveyor's fees for the second survey.    Here plaintiff closed.

Defendants gave in evidence a decree of the District Court of Bastrop county as follows :   Petition of Edward Burleson, alleging that on the 27th day of August, 1835, Sherrod J. Dover made and delivered to one John J. Tumlinson his certain written obligation, which was attached and made part of the petition, for title to the east half of his headright league, which had already been selected and surveyed, in consideration that said Tumlinson should clear the league out of the office; that said league was afterwards granted to said Dover by the Republic of Texas, and here the field-notes were given ; that in the month of of said year 1835, said Dover died without complying &c., notwithstanding the said Tumlinson did fully and completely comply with each and every stipulation on his part in said agreement mentioned, and did fully pay all charges and expenses which were necessary to procure a title for said league of land from the Government; that said Sherrod J. Dover left a daughter, Eliza Ann, who was his only child and sole heir, then and still under the age of puberty; that one Jonathan Burleson, of said county, administered on the estate of said Dover, and was likewise duly appointed guardian of the person and property of said Eliza Ann; that said Tumlinson, for value, conveyed his interest in said land to plaintiff; that said Jonathan Burleson, administrator and guardian as aforesaid, has failed and refused to convey said east half, &c. ; prayer for citation to said Jonathan Burleson, administrator and guardian as aforesaid; and for conveyance, &c.   Citation issued accordingly to said Jonathan Burleson, administrator and guardian as aforesaid.    Returned " Service acknowledged this the 19th November, 1841.    Jonathan Burleson.    Returned the 19th November, 1841.    Preston Conlee, Sheriff."   Decree: This day came the parties and submitted their case to the Court, the plaintiff by L. C. Canningham, his attorney, claimed of defendant a title, &c. (reciting the bond and proof of the genuineness thereof, and the transfer to plaintiff and the proof of the genuineness thereof,) wherefore it is ordered, adjudged and decreed, &c. (for title from defendant in his capacity of guardian of said Eliza Ann Dover.)    The date or Term when said decree was rendered, was not shown by the transcript thereof, nor otherwise. Conveyance accordingly from Jonathan Burleson, as guardian, to Edward Burleson, dated Oct. 20th, 1842.    Defendants then

Owen v. Shaw.

gave in evidence consecutive chains of title from said Edward Burleson to them, respectively. It will be noticed that it did not appear when the plaintiffs intermarried.

The Judge instructed the jury, without request, That the decree in the suit of Edward Burleson v. Jonathan Burleson, guardian of the plaintiff, Eliza Ann, and administrator of Sherrod J. Dover, and the deed from said Jonathan to said Edward, under that decree, conveyed the right of the heir, and therefore the plaintiff had no right to recover.

Plaintiff requested the following instructions, which were refused :—

1st. That the judgment offered in evidence by the defendants is no bar to the plaintiff's right of action; but that under the statute the plaintiff had a right to a second action.

2d. That the judgment offered is not conclusive that Burleson was guardian; and it was necessary for the defendants to prove it as any other fact, before the judgment could include the plaintiffs.

3d. That the judgment was void for want of jurisdiction, both of the subject matter and of the person.

4th. That if the jury are not satisfied from the evidence that Burleson was guardian of the plaintiff, Eliza Ann, they will find for the plaintiffs.

5th. If the jury, from the evidence, are satisfied that Eliza Ann Owen is the sole heir of Dover, deceased, they will find for the plaintiff, unless they are satisfied that the title passed from her ancestor, by some act of his, or unless they believe that all the requirements of the bond were complied with by those under whom the defendants claim.

Verdict and judgment for the defendants. Motion for new trial overruled, &c.

There was a bill of exceptions to the admission in evidence of the decree in the suit of Edward Burleson v. Jonathan Burleson, administrator and guardian, on the following grounds :—

1st. Because the defendant, Jonathan Burleson, guardian, was not served with process, nor had any legal notice of said suit five days before the commencement of the Term of the Court at which judgment was rendered.

2d. Because said Burleson was not before said Court by service of process and a copy of the petition, nor by a voluntary appearance in person, or by counsel.

3d. Because the instrument sued on was in violation of law, and void.

4th. Because said judgment was rendered without any evidence of a compliance with the terms and conditions of the bond sued on by plaintiff or his assignor, Tumlinson.

5th. Because the judgment was rendered on an instrument having no binding force on the heir of said Sherrod J. Dover, deceased, she having acquired the land to which plaintiff sought title by virtue of the provisions of the 10th Section of General Provisions of the Constitution of the Republic of Texas, as a donation in her own right.

6th. Because the judgment rendered in said case of Burleson v. Burleson, guardian, was no bar to this suit, the heir, Eliza Ann, having two years from the removal of her disability of minority within which to bring her suit.

*Hancock & West,* and *O'Conner,* for plaintiffs in error. The single point is, Did the Court err in permitting the judgment from Bastrop county to go to the jury? The District Court of Bastrop county in the fall of 1841 commenced by law on 4th Monday after the 4th Monday in October. (Laws 4th Cong., p. 177.) The Court knows judicially that that was the 22d of November, 1841. Service in this case was had on the 19th of November, only three days before. The law of 1836, then in force, required five days' notice. (Laws 1836, p. 201, Sec. 7; see McCoy v. Crawford, 9 Tex. R. 353, and authorities there cited.) The acknowledgment of service was not a waiver of the five days' notice; and there was no appearance entered by defendant. (1 Tex. R. 244; 8 Id. 143; 9 Id. 353.)

The recital, "this day came the parties," might be conclusive if the record did not disclose the fact that there really was no appearance made; the pleadings in the District Court are not conducted *ore tenus,* and there should have been an answer filed to give the court jurisdiction, especially where a guardian is sued as in this case, in default of legal service. (Montgomery v. Barrett, 8 Tex. R. 143.)

The decree recites the facts upon which it was founded, and it was not proved that the plaintiff had complied with the terms of the bond; and the statement of facts shows that its terms never were complied with.

The judgment was rendered on an instrument having no binding

force on the heirs of Dover, because the heirs acquired the land to which plaintiff sought title by virtue of the provisions of the 10th Article of the Constitution of the Republic, as a donation in her own right.

The Court erred in refusing the 3d and 4th instructions asked by plaintiff. The judgment itself was no evidence of the fact that Burleson was guardian. It was necessary for this fact to be established before a judgment rendered in that capacity could bind.

It is confidently submitted that the charge of the Court and the rulings on the evidence were clearly erroneous. In clothing with all the solemnity of a valid decree, a judgment rendered upon a contract forbidden by the law, without service or appearance against a guardian and administrator, with no proof other than the judgment itself of the fact, divesting a minor and a female of a donation from the Government, and for what? In order to enforce an illegal contract of her ancestor, the conditions of which were never complied with. There cannot be presented a stronger case of nullity in a judgment than this.

*I. A. & G. W. Paschal,* for defendants in error. The objections resolve themselves into a single proposition: Can the Court thus collaterally, in an action of trespass to try title, without any averment of the nullity of the judgment, go behind the decree itself? Can it thus be reviewed? Or is it not conclusive between the parties?

Every presumption is in favor of the judgment; and in a collateral attack mere irregularities cannot vitiate it. The legal presumption is, that the Court was satisfied with the proof of the administration and guardianship; and that the facts of performance were proven which justified the decree. The party was declared against in his representative character; and the Court having recognized him in that character, the legal presumptions are all in favor of his being such as averred.

The effect of this judgment upon every point urged by the appellant, is ably considered by the Chief Justice in the case of Cannon v. Hemphill, 7 Tex. R. 184. Tested by the effect given to decrees and judgments, both as against married women and infants, when acting by guardian or next friend, the judgment under consideration is impregnable; and indeed not subject to attack except by suit brought for review, within two years without any saving in favor of infants.

And whether the contract was one which would have been the foundation of an action for specific performance, is not a question which will be thus collaterally considered, even where there was no service of process; and no statute for proceeding without process. (Beeson v. Grassmeyer, 13 Tex. R. 524.)

The present contract upon which the decree was founded is believed to be valid within the principle of Robbins and Robbins, and Burleson and Burleson. (3 Tex. R. 496; 11 Id. 2.)

The Court which rendered the decree was one of general jurisdiction over the subject matter of the controversy and the parties. And that such judgments are final and conclusive, if rendered against the administrator, without the heir being made a party, is fully settled in Soye's Heirs v. McCallister, and Alexander v. Maverick, at the last Term. It is enough that these cases cite and approve the case of Tucker v. Harris, 13 Ga. 1, which exhausts all the authorities.

And as to the conclusiveness of judgments, as between the same parties and those claiming under them; and that they interpose complete bars to future litigation, so long as they remain in full force, and not set aside or reversed; and preclude inquiry into matters therein adjudicated, or which might have been adjudicated. (See Weathered v. Mays, 14 Tex. R. 387; Foster v. Wells, 4 Id. 101; Yates v. Houston, 3 Id. 433; Sutherland v. De Leon, 1 Id. 250; Denison v. Ingram, Dallam, 519.)

And because some facts are recited in a decree, where there was no defence, it does not follow that other material facts were not proven, nor admitted, because not denied. (Chapman v. Sneed, at last Term.)

But it is urged, that the land was granted to the daughter of Dover, as his orphan child; and therefore she is entitled to it, under the 10th general provision of the Constitution. In other words, it is contended that the thing granted inured to the benefit of the orphan, and not to the succession of the father who died in 1835, whose rights as a colonist were lost by the revolution; and revived in the Constitution in favor of the orphan.

To this argument there are three answers.

1. That it appears from the evidence, that the land was acquired by Dover by a survey and order of survey before his death; and was subject to be secured by his headright certificate under the same general provision of the Constitution; and it was so secured by locating that certificate upon the land, after the death of the ancestor.

2. That whether the property was the daughter's, by descent or by donation, from the government, it was an equitable grant for the father's services to Texas, and the orphan child took it *cum onere* the father's obligations for services about this same land. And suit having been instituted against the father's administrator and the daughter's guardian, and a decree rendered, it operates as an estoppel upon the ward; and she cannot be heard, as against innocent purchasers in good faith, to aver mistakes of law or of fact, behind the decree, so as to defeat their title.

3. But whether we might agree or not, that the orphan child acquired a right, not incumbered with the debts or contracts of the father's succession, this Court has solemnly adjudicated, after the fullest discussion, that the headright belonged to the succession and descended to the heir *cum onere* like any other property; and was subjected to the debts and contracts of the ancestor. (See Soye's Heirs v. Maverick, at last Term.)

We, as the counsel in that case, having labored very hard and unsuccessfully to establish our adversary's position in this, do not feel called upon to travel over the ground to defend a decision, unexpected to us, but to which we then bowed, and now intrench ourselves behind it—adding our evidence that the law is a glorious profession, and that no consistent decisions can ever ruin the advocate.

Some stress is laid upon the fact, that we did not prove that Burleson was guardian.

The record itself was as conclusive of the representative character of the plaintiff as of any other fact. .(Burdett v. Silsbee, 15 Tex. R. 456; Soye's Cases, and Alexander and Maverick already cited; Cannon v. Hemphill already cited; 1 Greenl. Ev. § 19, 528; Stein v. Barman, 13 Peters, 209; Clay v. Clay, 13 Tex. R. 195.) The heir was bound, whether Burleson was guardian or not. (Keegans v. Allcorn, 9 Tex. R. 25.) This case is conclusive.


WHEELER, J. That the decree of the District Court of Bastrop county, if valid, conclusively determined the estate of the plaintiff, Mrs. Owen, in the land in controversy, is settled by the decision of this Court in the case of Shannon v. Taylor. (16 Tex. R. 413.) But it is objected that the decree was void for the want of jurisdiction over the person of the defendant

therein. It, however, appears by the record of that judgment, that the defendant acknowledged service ; and further that the parties appeared and " submitted their case to the Court." This must be deemed an answer to the objection.

The title was issued to the heirs of Dover ; the plaintiff took, and now claims as heir ; she was represented in the suit by her guardian, whose authority has not been denied ; the decree disposes of her title, and she is certainly concluded by it. The judgment is affirmed.

Judgment affirmed.