DOWDLE v. UNITED STATES FIDELITY & GUARANTY CO. (No. 476-3862.)*

(Commission of Appeals of Texas, Section A. Nov. 7, 1923.)

1. Divorce ⟂168—Recitals of evidence in judgment not necessarily all evidence before court, and do not preclude presumption that necessary facts appeared.

Recitals of evidence, in a judgment nunc pro tunc granting a divorce, which do˙not profess to include all the facts before the court, need not be accepted as all the evidence before the court, and do not preclude the presumption

that all facts necessary to support the order and decree were before the court.

2. Divorce ⟂168—Objection to introduction in evidence of certified copy of judgment held improper as collateral attack thereon.

Objection to the introduction in evidence of a certified copy of a judgment nunc pro tunc granting a divorce, on the grounds that the evidence recited therein was insufficient to warrant it, held an improper collateral attack thereon.

3. Judgment ⟂273(1)—Courts have inherent power to correct own minutes by entry of judgment which has been˙omitted.

A court has inherent power, on its own motion, to correct its own minutes, so as to make them speak the truth, by the entry of a judgment which has actually been rendered, but which has been omitted from its records.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by Mary Dowdle against the United States Fidelity & Guaranty Company. The Court of Civil Appeals (242 S. W. 771) affirmed a judgment for defendant, and plaintiff brings error. Judgments of Court of Civil Appeals and district court reversed, and cause remanded for new trial.

John White and John W. Craig, both of Dallas, for plaintiff in error.

Seay, Seay, Malone & Lipscomb, of Dallas, for defendant in error.

BISHOP, J. Plaintiff in error, Mary Dowdle, filed this suit in district court against defendant in error, United States Fidelity & Guaranty Company, to recover on a policy under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), as an appeal from a decision of the Industrial Accident Board, alleging that she was the surviving common-law wife of Lucious Dowdle, and as such entitled to recover by reason of an accident resulting in his death on February 5, 1918.

The defendant in error in its answer denied that plaintiff in error was the wife of deceased. The case was tried before a jury, and, at the close of the evidence, which showed that prior to any alleged marital relation between Mary Dowdle and the deceased, he was married to one Callie Dowdle, the trial court directed a verdict in favor of defendant in error, for the reason that there was no legal evidence showing that the marriage of the deceased to Callie Dowdle had ever been dissolved. On the directed verdict the court rendered judgment, and on appeal the Court of Civil Appeals affirmed the judgment of the trial court.

On trial of the case in the district court the plaintiff in error offered in evidence a certified copy of the following decree, being a nunc pro tunc order:

"On this, the 7th day of August, A. D. 1920, came on to be heard the plaintiff, Callie Dowdell's motion to enter nunc pro tunc judgment as of November 22, 1915, in the above entitled and numbered cause; the said Callie Dowdell appearing by her attorney of record, D. R. Pickens. The court, after having heard the testimony of D. R. Pickens, attorney of record in said cause, and after the said D. R. Pickens had testified on oath that he was a practicing attorney of San Antonio, Tex., in the year 1915, and that he represented the said Callie Dowdell on the 22d day of November, 1915, having theretofore, on, to wit, the 13th day of October, 1915, filed a petition, styled as aforesaid, for plaintiff, also having filed a waiver in said cause, properly executed and signed by the defendant Lucious Dowdell, and that said waiver was filed on the 22d day of November, 1915. The said D. R. Pickens testified to the following facts: Judge W. S. Anderson presiding at this trial, said cause was regularly called, and that the court, said Judge W. S. Anderson, after having heard the testimony of Callie Dowdell, stated in open court that the plaintiff Callie Dowdell was entitled to a divorce, and was granted a divorce from the defendant Lucious Dowdell; there and then the plaintiff paid all costs of the court that had then accrued on said date, to wit, 22d day of November, 1916; that immediately thereafter he, D. R. Pickens, prepared a decree in said cause, stating that plaintiff Callie Dowdell was granted a divorce from the defendant Lucious Dowdell, and the bonds of matrimony theretofore existing were dissolved, and that he, the said D. R. Pickens, filed said decree with the clerk of the district court of Bexar county, Tex., on the same day on which the divorce was granted. Therefore it appears to the court that the plaintiff Callie Dowdell is entitled to the relief prayed for, and that her motion to enter nunc pro tunc judgment in said case as of the 22d day of November, A. D. 1915, and that in all things her motion should be granted as prayed for. Therefore, it is ordered, adjudged, and decreed by the court that the plaintiff Callie Dowdell be granted a divorce from the defendant Lucious Dowdell; that the bonds of matrimony heretofore existing be dissolved, and that this decree be entered nunc pro tunc as of the 22d day of November, A. D. 1915. It is further ordered, adjudged, and decreed by the court that the plaintiff pay all costs in this behalf incurred, and that the officers of this court have execution for their respective costs."

[1] On objection this evidence was excluded, and the Court of Civil Appeals, in sustaining this ruling of the trial court, held that this nunc pro tunc order was void, for the reason that by its own terms the want of power to grant the relief was shown to exist. In reaching this conclusion and as a basis for same, the court held that the "recitals contained in the certified copy of the nunc pro tunc judgment entry must be accepted as all of the evidence before the trial court upon which such judgment was based."

In this the court was in error. The recitals in this order are not to be taken to embrace all the facts proved upon the motion to enter nunc pro tunc order. This decree does not profess to recite all the facts. These recitals were unnecessary, and are only to be taken to show that such facts were in evidence. The recitals of this testimony do not preclude the presumption that all facts necessary to support the order and decree were before the court. Chapman v. Sneed, 17 Tex. 431; Owen v. Shaw, 20 Tex. 81; Cook v. Hancock, 20 Tex. 2; Kerr v. Hume (Tex. Civ. App.) 216 S. W. 908.

[2] However, the objections raised to the introduction of the copy of this order were a collateral attack on the judgment of a court of competent jurisdiction. Such judgment cannot be impeached collaterally by showing that the evidence on which it was based was insufficient to sustain the judgment. 23 Cyc. 1095; Odle v. Frost, 59 Tex. 684.

[3] The Court of Civil Appeals holds that this judgment is not void by reason either of want of jurisdiction over the subject-matter, or over the parties to the action, but holds that by reason of the recitals in the judgment that same is void for the want of power to grant the relief contained therein. The authorities all agree that the court has the power to correct its own minutes, and to make them speak the truth by the entry of a judgment that has actually been rendered, but which has been omitted from its minutes. There can be no question as to the power of the district court of Bexar county to correct its minutes, and to have entered therein a judgment which had been previously rendered. It could do this of its own motion. Fort Worth & Denver C. R. Co. v. Roberts, 98 Tex. 42, 81 S. W. 25; Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040.

23 Cyc. 1073, clearly states the rule as follows:

"A judgment void for want of jurisdiction is open to contradiction or impeachment in a collateral proceeding. And the defect of jurisdiction may be either in respect to the person, the subject-matter, or the authority to render the particular judgment or decree, a judicial determination outside the issues, or otherwise beyond the scope of the court's authority, being entirely void. But there is a distinction between those facts which involve the jurisdiction of the court over the parties and subject-matter and those quasi jurisdictional facts, without allegation of which the court cannot properly proceed, and without proof of which a decree should not be made; absence of the former renders the judgment void and assailable collaterally, but not so as to the latter."

In our opinion the evidence in this case raises an issue of fact as to whether, at the time of the death of the deceased, plaintiff in error was his common-law wife, and should this case be again tried before a jury on similar facts this issue should be submitted.

We therefore recommend that the judgments of both the Court of Civil Appeals and

the district court be reversed, and the cause remanded for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.