GILLETTE v. DAVIS et al.  (No. 485.)

Court of Civil Appeals of Texas. Eastland.
March 29, 1929.

See, also, 296 S. W. 658.

A. B. Haworth, of Comanche, for appellant. Callaway & Callaway, of Comanche, for appellees.

FUNDERBURK, J. This appeal is the outgrowth of two suits that were consolidated in the trial court. One was by appellant as plaintiff against R. D. Davis, Harold G. Davis, and J. T. Gilbreath, sheriff of Comanche county, in trespass to try title to land, with a second count in the petition setting out particularly the nature of plaintiff's claim. The other suit was one brought by Harold G. Davis, by his next friend, R. D. Davis, against Standard Shoe & Leather Company and J. T. Gilbreath, sheriff, to enjoin sale by the sheriff under execution of the same property involved in the other suit. The writ of injunction was, by proper fiat of the district judge, ordered to be issued on the morning of May 5, 1925, but was not served upon the sheriff, nor did the sheriff have actual knowledge that same had been issued until a few moments after he had, in pursuance to previous advertisement designating that date as the date of sale, "cried off" said land to appellant for the sum of $97.50, and after the purchaser had given him a check for the amount of the bid. Following service of the writ of injunction, the sheriff refused to execute a deed to appellant until after a decision by this court upon the former appeal by appellant from the judgment in the consolidated cases.

In the former appeal, this court held that the title of appellant to the land as purchaser at the sheriff's sale did not depend upon the making of the sheriff's deed, and that, the sale having been completed before the writ of injunction was served, or notice of its issuance brought to the attention of the sheriff, whatever title that could have passed by the sheriff's deed vested in the appellant, and that appellant's claim to have a deed made to him should prevail.

After the remand, Gilbreath, the sheriff, was dismissed and new pleadings filed by the parties. Mrs. R. D. Davis, wife of R. D. Davis, became a party to the suit. Portions of the record refer to her as an intervener, but the record contains no plea of intervention, and she is named in the amended pleading as a defendant who had theretofore been permitted to intervene as a defendant.

Upon his amended pleadings the appellant sought recovery of the same land upon substantially the same ground as before, with the exception that the execution and delivery to him of the sheriff's deed, made following the reversal of the case, was alleged, and his claim of the title to the land was based upon said deed, in addition to the original judgment, execution, etc., as theretofore relied upon.

Appellees by their amended pleading contended that the land belonged to Harold G. Davis, the minor son of R. D. Davis and wife, but, if the court should hold otherwise, facts were alleged which were intended to show that the store building constituting the greater part of the consideration for the land was the homestead of appellees and exempt from the sale. Facts were also alleged which were designed to show that the land in question had been impressed by intention and preparation with homestead rights, making it exempt. A new defense was urged, consisting of allegations to the effect that the land was worth $3,000 and had sold for less than $100, an unconscionably inadequate price, which had resulted, in part, at least, from the fact that, with knowledge that the writ of injunction had been ordered, and in expectation that it would be served so as to stop the sale, appellee R. D. Davis had gone home, and was, without any fault on his part, not present at the sale, but that, if he had known that the injunction would not be served, he would have been present and have caused the land to sell at a much higher price. The purchase price paid for the land by appellant was tendered back to him and judgment prayed for the cancellation of the sheriff's deed. The court gave judgment for appellees, from which appellant prosecutes this appeal.

■ Appellant's first contention is that the court erred in overruling his motion to require Mrs. R. D. Davis, as intervener, to give security for costs. R. S. 1925, art. 2073, provides that the rules as to security for costs by a plaintiff shall "also apply to an intervenor and to a defendant who seeks a judgment against the plaintiff on a counterclaim after the plaintiff has discontinued his suit." Appellees contend that this statute is not applicable to an intervener unless and until the plaintiff has discontinued his suit.

We cannot agree that this is the proper construction of the statute. With respect to the purpose of the statute, there is this difference in an intervener and defendant: An intervener comes into a suit voluntarily, and a defendant does not. There is just as good reason why an intervener should be ruled to give security for costs, irrespective of a discontinuance of plaintiff's suit, as there is when such discontinuance takes place. We do not construe the qualification of the statute, limiting the liability of a defendant to give security to cases where plaintiff discontinues, as applicable to the intervener: It does not follow from this, however, that appellant's contention should be sustained. There is nothing in the record to show that Mrs. Davis was anything other than a defendant. Mere references to her as an intervener, in the absence of any pleading showing she was such, are regarded as inconclusive. We think, for such reason, there is no sufficient showing that the court erred in overruling the motion.

In addition to the above, appellant asserts about twenty-one propositions. We do not deem it necessary to discuss each of them. By the second proposition it is contended that the court erred in overruling appellant's general demurrer. The proposition does not specify wherein the pleading fails to state a cause of action; and, a casual inspection failing to disclose any such deficiency, we overrule the proposition.

■ By his third proposition and the assignment to which it refers, complaint is made of the action of the court in permitting R. D. Davis to testify that his wife traded an automobile, which was her separate property, for the business at Hasse, including the lot claimed to be the homestead; objection to said testimony being made on the ground, among other things, that there was no pleading to support it. The proposition is overruled. Appellees' pleadings alleged that the building was the property of Mrs. R. D. Davis, and that it was her separate property. The evidence complained of was evidently offered in support of that allegation, and was admissible.

The fourth, fifth, sixth, and tenth propositions will all be controlled by what is hereafter said with reference to the claim of appellees to have the sale set aside for inadequacy of consideration.

■ Propositions Nos. 9, 11, 12, 13, 14, 15, and 16, and the assignment under which proposition No. 17 is urged, all complain of the findings of the trial court. The court made no findings of fact or conclusions of law other than such findings as are recited in the judgment.. So far as the record shows, no request was made of the judge to make and file conclusions of fact and law. In so far as the judgment undertakes to recite findings of fact, such findings are not conclusive. If erroneous, they would not be made to impeach the validity of the judgment. As said in Owen v. Shaw, 20 Tex. 81: "A decree which purports to detail the facts proved, is valid, though it fails to state facts sufficient to justify the decree."

And in Chapman v. Sneed, 17 Tex. 428: "Recitals in judgments do not preclude the presumption that sufficient other facts were proved to sustain judgment."

We think the recitals in the judgment are rather to be regarded as the reasons given by the court for a rendition of the judgment. As said in 33 C. J. 1104: "If the judgment given is correct, it is immaterial whether the reasons adduced for giving such a judgment are correct."

And further: "The reasons assigned by the court for the judgment rendered do not constitute a part of the judgment." Id.

In Sheffield v. Goff, 65 Tex. 354, it is said: "A party is bound by the judgments, but not by the logic, of courts."

"If the conclusion reached be right, it is not material that the court may have given a wrong reason therefor." Garrett v. Kelley (Tex. Civ. App.) 6 S.W.(2d) 414; Dean v. Crenshaw, 47 Tex. 10; Swift v. Trotti, 52 Tex. 498.

All of said propositions are therefore overruled.

Appellant's eighteenth and twenty-second propositions are overruled, for the reason that they assume as facts, matters in issue, without any finding to support them; the judgment of the court being presumptively a finding against the existence of such facts.

The twentieth proposition, to the effect that a homestead cannot exist by mere intention, without preparation, was sustained in the former appeal, and there is no reason to suppose that the judgment was predicated upon any such theory.

The same statement is made with reference to the twenty-first proposition.

Of the several defenses urged by appellees, we are not prepared to hold, upon the record as presented and within the limits of the attack upon the judgment made by appellant in his brief, that any of them are not sustained. except the one by which appellees contended that the land in question was itself exempt as homestead. In our opinion the evidence wholly failed to show that the property was homestead, even if it were conceded that it could be, with the legal title in Harold G.

Davis, the minor son of R. D. Davis and wife. It is thought proper, however, to give further consideration to the contention of appellees to the effect that the sheriff's sale of the land to appellant should be canceled because of the inadequacy of the price resulting from the confusion attending the sale and misunderstanding of appellees that the sheriff's sale was to be prevented by injunction, in consequence of which appellees were not present at the sale to see that the land brought a fair price. On the former appeal, while this court held that failure of the sheriff to execute a deed, after the sale was made and purchase price paid, did not defeat appellant's title, we had no occasion to consider or discuss in that connection any difference in a legal and an equitable title.

■ Undoubtedly, in the absence of the sheriff's deed, appellant's title was only equitable and not legal. As said in Donnebaum v. Tinsley, 54 Tex. 362, one of the cases cited in the former opinion: "The testimony admitted without objection proves a valid judgment, an execution issued upon it, a levy describing with sufficient certainty the land levied upon, the sale of it at the proper time and place, a return by the officer of the sale to Donnebaum, and the payment of the purchase money. This established *prima facie* his *equitable* [italics ours] right to the interest of the defendant in execution in the land."

In the absence of prior equities, the title, though equitable, was just as effective to support recovery of the land as a legal title.

■ Whether or not appellant's title was legal or equitable may be material in testing the validity of appellees' claim, set up in the second trial, and relied on to avoid the sale. The equities which appellees claim in avoidance of the sale are of a nature not subject to the registration laws. Such being the case, appellant can claim no protection against same under the principle of innocent purchaser, unless his own title was legal rather than equitable. York's Adm'r v. McNutt, 16 Tex. 13, 67 Am. Dec. 607; National Oil & Pipe Line Co. v. Teel, 95 Tex. 586, 68 S. W. 979; Hennessy v. Blair, 107 Tex. 39, 173 S. W. 871, Ann. Cas. 1918C, 474; Luckel v. Phillips Petroleum Co. (Tex. Com. App.) 243 S. W. 1068.

■ The fact that, pending the litigation, appellant received a deed to the land, will in no wise affect the question, since notice of the equities claimed was brought to him beforehand. Pomeroy, in discussing this question, and supposing a case where equities arise as between A and B, in which B had notice of A's equity before he receives a conveyance of a legal title, says: "To say that B, being thus inferior in equitable right, may, upon re-

ceiving notice of A's contract obtain a conveyance from the owner, and thus establish a precedence over A, is to misapply the doctrine of bona fide purchase, and to ignore a familiar principle of equity that one who acquires a title with notice of a prior equity takes it subject to that equity. The same is true of all subsequent equitable interests, liens, and claims not arising from conveyances or instruments which purport to be conveyances of the entire estate." Pomeroy's Eq. Juris. § 756.

■ The testimony fully establishes the contention of appellees that they, knowing that the writ of injunction had been issued, and in reliance upon the assurance of their attorneys that there would be no sale, left town; that otherwise Davis would have been present and would have had purchasers present to make the property bring a better price. The testimony further established that the equity in the property was worth anywhere from $750 to $2,000, and that it sold for $97.50. Mere inadequacy of price, of itself, is not sufficient to set aside a sheriff's sale otherwise valid, but gross inadequacy of price, in connection with other circumstances calculated to prevent the property from bringing anything like its reasonable value, may avoid a sale. The circumstances should be such as are not attributable to the direct agency of the defendant in execution, but it is not at all necessary that the purchaser have been guilty of any fraud or have brought about the circumstances leading to the sale of the property for the inadequate price. Johnson v. Crawl, 55 Tex. 571; Irvin v. Ferguson, 83 Tex. 491, 18 S. W. 820; Taul v. Wright, 45 Tex. 388; Weaver v. Nugent, 72 Tex. 272, 10 S. W. 458, 13 Am. St. Rep. 792; Chamblee v. Tarbox, 27 Tex. 145, 84 Am. Dec. 614; Selkirk v. Selkirk (Tex. Civ. App.) 297 S. W. 78; House v. Robertson, 89 Tex. 681, 36 S. W. 251; Moore v. Miller (Tex. Civ. App.) 155 S. W. 573; Pearson v. Flanagan, 52 Tex. 26; Wilson v. Aultman Taylor & Co. (Tex. Civ. App.) 39 S. W. 1103; Martin v. Anderson, 4 Tex. Civ. App. 111, 23 S. W. 290.

■ We think that appellees alleged facts entitling them to relief under the principle of these authorities, and, in the absence of any attack on the sufficiency of the evidence to support such allegations, we must presume, in favor of the judgment, that the allegations were supported by sufficient evidence. We are therefore of opinion that the equities in favor of the appellees prevail over the equity of appellant, and the court did not err in setting aside said sale.

The judgment of the trial court will therefore be affirmed.