## STATE ex rel. BURKETT v. TOWN OF CLYDE et al. (No. 574.)

Court of Civil Appeals of Texas. Eastland.
May 3, 1929.

Rehearing Denied May 31, 1929.

B. F. Russell, of Baird, Scott, Brelsford, McCarty & Brelsford, all of Eastland, for appellant.

Wagstaff, Harwell, Wagstaff & Douthit, all of Abilene, for appellees.

FUNDERBURK, J. This suit, being an action in the nature of quo warranto, was brought by the state of Texas, on the relation of certain residents of the town of Clyde, seeking to have declared void the attempted incorporation of said town in the year 1907. The trial court sustained a general demurrer to plaintiff's petition, and, upon plaintiff declining to amend, the case was dismissed. The appeal is from the order of dismissal, and brings before us for review the correctness of the action of the court in sustaining the demurrer.

Plaintiff's petition undertook to allege two distinct grounds of invalidity. One was that at the time of the attempted incorporation the territory included in the designated boundaries did not contain more than 500 inhabitants. The other was that the territory embraced about 500 acres of the total of 660 acres, which was agricultural, orchard, and vineyard land, not contemplated and not intended for strictly town purposes. On this appeal appellant's propositions relate to the first ground only, and no further notice need be taken of the other. Appellant, in addition to alleging that at the time of the attempted incorporation the territory did not contain more than 500 inhabitants, averred that the county judge did not so find and determine or so declare in the order for the election, but on the contrary, the county judge's finding on this matter as set out in the order was that "satisfactory proof had been made that said territory then contained more than two hundred inhabitants."

Appellant contends that the recitation in the order for the election, to the effect that satisfactory proof was made that there were more than 200 inhabitants, destroys the presumption that might otherwise obtain that there were more than 500 inhabitants, and shows the attempted incorporation was void. The decision of this question, it is believed, will settle the entire matter at issue, and make unnecessary any extended statement of the contents of the appellant's pleading.

The law under which the incorporation was attempted to be made was Rev. St. 1895, art. 579, as amended by Act of 1897, p. 193. The effect of said amendment was to raise the minimum requirement as to the number of inhabitants from "more than 200" to "more than 500." Article 581 of the Revised Statutes of 1895, which was in force at the time in question, prescribed the duties of the county judge upon being presented with a proper petition as follows: "If satisfactory proof is made that the town or village contains the requisite number of inhabitants, it shall be the duty of the county judge to make an order for holding an election on a day therein stated, and at a place designated within the town or village, for the purpose of submitting the question to a vote of the people."

The duty thus imposed upon the county judge was one of a judicial nature, and the law provided no right to have his decision revised and no procedure for doing so. State v. Goowin, 69 Tex. 55, 5 S. W. 678. Any judicial action involves the possibility of error. In the absence of a right of appeal or some other method of revision, the courts are powerless to correct error in such action. Applying the principle to the case in hand, we think the proper interpretation of the authorities warrants the conclusion that appellant, by the allegations of its petition, showed no right to have the court determine that there were not more than 500 inhabitants in the territory in question when the election was ordered. State v. Goowin, 69 Tex. 55, 5 S. W. 678; Scarbrough v. Eubank, 93 Tex. 106, 53 S. W. 573; Word v. Schow, 29 Tex. Civ. App. 120, 68 S. W. 192; State v. Larkin, 41 Tex. Civ. App. 253, 90 S. W. 912; Thompson v. State, 23 Tex. Civ. App. 370, 56 S. W. 603.

The question naturally arises: Can the county judge, by ordering an election where there are fewer than the requisite number of inhabitants, thus set at naught the law with the effect that redress will be denied to every one aggrieved by such action? The test of the validity of such action, we think, is good faith on the part of the officer thus charged with the duty. The action of the officer is at all times supported by a presumption that he did what it was his duty to do. If the judge orders such an election, knowing or having good reason to believe that there does not exist the requisite number of inhabitants, his act in doing so would, no doubt, be held to be fraudulent. Unquestionably the law will relieve from the effects of fraud. But even in such case the fraud sufficient to invalidate his action must be such as is chargeable to the officer and not merely fraud of others by

which the officer is led into error. Word v. Schow, 29 Tex. Civ. App. 120, 68 S. W. 192.

■ We do not understand appellant to contend that the pleading in question charges fraud in the act of the judge in ordering the election. At any rate, the pleading, we think, is not to be so construed. As stated before, the contention is that the recitation in the order that satisfactory proof was made that there were more than 200 inhabitants destroys the presumption that would otherwise obtain in support of the validity of the action and thus leaves it open to attack. If the recitation was in necessary conflict with the fact of the existence of more than 500 inhabitants, a serious question would be presented. In fact, without undertaking to make an authoritative decision of the question, since it is not before us, it may be conceded that in such case the order would be void on its face. But the law does not require that the order recite the judge's findings in this respect. Similarly, the law does not require that the judgment of a court recite the facts upon which it is based. The same principles, so far as we can see, should apply in both cases. We have had occasion to consider recently the effect of insufficient findings recited in a judgment. Gillette v. Davis (Tex. Civ. App.) 15 S.W.(2d) 1085. In Owen v. Shaw, 20 Tex. 81, it is said: "A decree" which "purports to detail the facts proved" is valid, though it "fails to state facts sufficient to justify" the decree. In Cook v. Hancock, 20 Tex. 2, the judgment under attack recited that: "Upon an inspection of the pleadings," etc., it appeared, etc. The question was whether such recital excluded the presumption that the court also heard evidence. The Supreme Court said: "The case of Chapman v. Sneed [17 Tex. 428], * * * establishes the rule that a recital of part only of the facts necessary to sustain the judgment did not vitiate it. Whether, then, the statement 'upon inspection of the pleadings' be regarded as inconsistent, or as only partial, it will not render the judgment erroneous." In the case of Chapman v. Sneed, 17 Tex. 428, referred to, it was held that recitals in judgments do not preclude the presumption that sufficient other facts were proved to sustain the judgment.

That there may have been "more than two hundred inhabitants" is by no means inconsistent with there having been "more than five hundred." If we are correct in the view that the rule as to judgments applies, then clearly the presumption that satisfactory proof was made that there were more than 500 inhabitants cannot be held to be excluded by the recitation in question.

The question of whether, if the corporation was void, the several validating statutes, or any of them, are effectual to cure the invalidity, is one which seems to us presents more difficulty. Since what has been said is determinative of the disposition to be made of the case, we do not, under the circumstances, feel called upon to determine the effect, if any, of the validating statutes. It would seem, however, that this question is not open, for in State v. Larkin, supra, it was held that the validating statutes do apply in such case and writ of error was refused by the Supreme Court.

Believing that there was no error in the action of the trial court, the judgment will be affirmed.