**PRICE et al. v. RUSHING et al.**

No. 4202.

Court of Civil Appeals of Texas. Amarillo.

April 9, 1934.

Rehearing Denied May 7, 1934.

Griffin & Aitchison, of Plainview, for appellants.

Dennis Zimmermann, of Tulia, for appellees.

JACKSON, Justice.

This is an action in trespass to try title instituted in the district court of Deaf Smith county by Mrs. Susie Rushing, joined pro forma by her husband, S. L. Rushing, against Hickman Price, his wife Mary Washington Frazier Price, and Mike H. Thomas, as receiver in the case of Dowden Hardware Co. v. Hickman Price, to recover title and possession of certain land situated in Deaf Smith county and fully described in plaintiff's petition.

The defendants answered by a plea of not guilty.

On the trial before the court without the intervention of a jury, the court rendered judgment that Mrs. Susie Rushing recover from the defendants the land in controversy.

 There is no statement of facts in the record and no findings of fact or conclusions of law filed by the court and none were requested. "It is an elementary rule that in the absence of facts to the contrary an appellate court will assume that the trial court had before it and passed upon all the facts necessary to authorize it to render judgment *in the manner and form as rendered.*" Mutual Inv. Corp'n v. Hays et al. (Tex. Com. App.) 59 S.W.(2d) 97, 98.

 If there is no findings of fact filed by the trial court and no statement of facts in the record, the appellate court must presume that all the allegations of the pleadings necessary to support the judgment were established by the evidence. *Katesmorak v. Forrest* et al. (Tex. Civ. App.) 59 S.W.(2d) 319; *Campbell v. Knox* et al. (Tex. Civ. App.) 52 S.W.(2d) 803; State et al. v. Farmers' Lumber Co. et al. (Tex. Civ. App.) 48 S.W.(2d) 354; Hall v. Phillips et al. (Tex. Civ. App.) 21 S.W.(2d) 750; 3 Tex. Jur. 540 § 379.

The judgment of the court contains certain fact findings. These do not show that the judgment of the court is erroneous. Nor do the findings so recited purport to be all the findings authorized by the evidence.

In Chapman v. Sneed, 17 Tex. 431, the Supreme Court holds: "The decree does not profess to recite all the facts; and there is no statement of facts. The recitals were unnecessary, and are only to be taken as evidence that such facts were in proof. They do not conclude the supposition that there were other facts proved, which aided in constituting the basis of the judgment; and it is entitled to all the presumptions in its favor, which are indulged in ordinary, cases where there is no statement of facts."

This announcement of the law has been consistently followed by the courts of this state. Gillette v. Davis (Tex. Civ. App.) 15 S.W.(2d) 1085, and authorities cited; State ex rel. Burkett v. Town of Clyde et al. (Tex. Civ. App.) 18 S.W.(2d) 202, 203, and authorities cited.

No fundamental error is apparent, and the judgment is affirmed.