PACIFIC AMERICAN GASOLINE CO. OF TEXAS et al. v. MILLER et al.

No. 4219.

Court of Civil Appeals of Texas. Amarillo.

Sept. 17, 1934.

Rehearing Denied Oct. 15, 1934.

Otis Trulove and L. M. Fischer, both of Amarillo, Walter David, of Borger, and Lyndsay D. Hawkins, of Breckenridge, for appellants.

Weeks, Morrow & Francis, of Wichita Falls, and Morgan, Culton, Morgan & Britain, of Amarillo, for appellees.

MARTIN, Justice.

On December 27, 1932, W. W. Gibbs and six other "gold note" holders filed in this cause in the trial court their plea of intervention, adopting the pleading of Miller et al., the nature of which sufficiently appears in the report of a companion case in 61 S.W.(2d) 1024. On February 7, 1933, appellants filed their plea of privilege in response thereto. Several terms of court elapsed without the trial court's attention being called to same. Finally, on September 9, 1933, appellants filed a motion to have such plea sustained, and thereafter a controverting plea was filed by appellees. A hearing was had on September

18, 1933, in advance of a trial on the merits, and the trial court entered judgment overruling said plea, finding specifically that said plea of privilege had been abandoned, and reciting in his judgment certain facts upon which it is therein stated he based his conclusion. The transcript is unduly voluminous and very confusing. In consequence we have relied almost entirely on appellants' brief. No statement of facts accompanies the record. No formal findings of fact were filed and no request for same appears in the record. It seems to be assumed that the recitation of facts in the judgment are such. We do not agree with this assumption. There is no recital therein that these are all the facts, nor does it affirmatively so appear anywhere in the record. It is pointedly held in an opinion approved by our Supreme Court: "In the absence of the evidence adduced on the hearing of defendant's plea of privilege, and in the absence of an affirmative showing that no evidence was adduced at such hearing, we must presume that facts were shown which gave the court jurisdiction and justified or required the judgment overruling such plea. Graves v. Bank, 77 Tex. 555, 556, 14 S. W. 163; Robinson v. Chamberlain, 29 Tex. Civ. App. 170, 68 S. W. 209 (writ refused); Mallow v. Raynes (Tex. Civ. App.) 188 S. W. 23; Chamberlain v. Carroll (Tex. Civ. App.) 59 S. W. 624; Campbell v. Cates. (Tex. Civ. App.) 51 S. W. 268; Guerra v. Guerra (Tex. Civ. App.) 158 S. W. 191." Gohlman, Lester & Co. v. Griffith (Tex. Com. App.) 245 S. W. 233, 234. See, also, World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; 3 Tex. Jur. pp. 455, 461.

Again it has been said: "In the case of Chapman v. Sneed, 17 Tex. 428, * * * it was held that recitals in judgments do not preclude the presumption that sufficient other facts were proved to sustain the judgment." State ex rel. Burkett v. Town of Clyde (Tex. Civ. App.) 18 S.W.(2d) 202, 204 (writ refused). See, also, Reyes v. De la Fuente (Tex. Civ. App.) 15 S.W.(2d) 702, 703.

▮ There is no pretension that "no evidence was introduced at the hearing." Instead, the opposite assumption is made the premise of contentions in appellants' brief, notably that a jury should have passed on the evidence. This record should affirmatively show, either (1) that no evidence was heard, or (2) that certain recitals of facts claimed now to be the sole basis of the court's judgment constituted all the evidence in the case.

Finally, we call attention to the recent case of Price et al. v. Rushing et al. (Tex. Civ. App.) 70 S.W.(2d) 754, 755, whose facts upon the point at issue are almost precisely identical with the present case. We quote from this case:

"The judgment of the court contains certain fact findings. These do not show that the judgment of the court is erroneous. Nor do the findings so recited purport to be all the findings authorized by the evidence.

"In Chapman v. Sneed, 17 Tex. 431, the Supreme Court holds: 'The decree does not profess to recite all the facts; and there is no statement of facts. The recitals were unnecessary, and are only to be taken as evidence that such facts were in proof. They do not conclude the supposition that there were other facts proved, which aided in constituting the basis of the judgment; and it is entitled to all the presumptions in its favor, which are indulged in ordinary cases where there is no statement of facts.'

"This announcement of the law has been consistently followed by the courts of this state. Gillette v. Davis (Tex. Civ. App.) 15 S.W.(2d) 1085, and authorities cited; State ex rel. Burkett v. Town of Clyde et al. (Tex. Civ. App.) 18 S.W.(2d) 202, 203, and authorities cited."

The court had the power to render the judgment found in the record. We have perceived no fundamental error.

The judgment is affirmed.