**BROADDUS et al. v. GROUT.**

No. 4813.

Court of Civil Appeals of Texas. Beaumont.

Sept. 24, 1952.

Rehearing Denied Dec. 10, 1952.

Sam G. Croom, Houston, for appellants.

Strong, Moore, Strong & Nelson, Beaumont, for appellee.

WALKER, Justice.

This opinion is rendered on appellee's motion for rehearing and it is substituted for the opinion heretofore filed.

On June 11, 1937, H. A. Vaughn and wife, Lois Vaughn, conveyed to E. A. Grout by a general warranty deed an undivided interest in a tract of land, describing it in these words: " * * * our undivided interest amounting to a ⅛th, of the below described tract or parcel of land, as follows: Beginning at a stake in the west line of said 160 acre survey 172.⅔11 varas from its northwest corner. Thence south with west line of said survey 86.⅘11 varas to a stake in the west line of said survey from corner. Thence east 950 varas to east line of said survey, stake for corner. Thence north with said east line 86.⅘11 varas to southeast corner of lot No. 2, thence west with said south line of lot No. 2,950 varas to place of beginning, containing 14.⅘11 acres of land. Said land is undivided."

The grantee, E. A. Grout, is the plaintiff and, in this court, the appellee. After this deed was made to him the grantors Lois and H. A. Vaughn were divorced; Lois Vaughn married Gorman T. Broaddus; and she and her present husband are the defendants and, in this court, the appellants.

On the date of the deed, the defendant Lois Vaughn Broaddus owned as a part of her separate estate a ⅛th undivided interest in Lot 3 of the Isaac Gore 160 acre survey in the O. C. Nelson League in Hardin County, Texas. She had acquired this interest by inheritance from her mother. The metes and bounds description of the 14⅘11ths acre tract, and of its position within the unnamed 160 acre tract which the deed to Grout contains is a correct description of Lot 3 in the Isaac Gore 160 acres; and the reference to Lot 2 and the details of the description of the 160 acre tract which are contained in the deed to Grout fit and apply to the Isaac Gore 160 acres. The cause was tried before the court and the judgment of the trial court recites several findings of fact. Among them is this: " * * * the defendant, Lois Vaughn Broaddus, at the time of executing the above described deed, owned an undivided ⅛th interest in a tract of land out of a 160 acre survey in Hardin County, Texas, containing 14⅘11ths acres of land, and lying south of a tract of land known as Lot No. 2, and having the identical metes and bounds description as contained in the above described deed of June 11, 1937, said tract of land owned by the defendant, Lois Vaughn Broaddus, at the time of executing said above described deed, being Lot No. 3 of the Isaac Gore 160 acre Survey in the O. C. Nelson League in Hardin County, Texas, and being the same land hereinafter described in this judgment by metes and bounds; and that at the time of the execution of said deed aforedescribed, the defendant, Lois Vaughn Broaddus, and her then husband, H. A. Vaughn, did not own an undivided ⅛th interest in any 14⅘11ths acre tract of land in any state in the Union other than the said Lot No. 3 out of the Isaac Gore 160 acre survey in the O. C. Nelson League in Hardin County, Texas, as more particularly hereinafter described by metes and bounds."

The plaintiff Grout contends that the description in the deed is legally sufficient and that it applies to and conveys to him

the ⅟₇th interest which Lois Vaughn had in lot 3 of the Isaac Gore 160 acres; and there is testimony that this was the very land which the parties intended the deed to convey.

The trial court sustained the plaintiff's contention and rendered judgment accordingly. In part, this judgment described the land as follows: "All that certain tract, piece or parcel of land situated in the County of Hardin, State of Texas, and being part of the O. C. Nelson League and being a part of the Isaac Gore 160 acre survey and described by metes and bounds as follows:".

From this judgment the defendants have appealed.

### Opinion.

Defendants assign as error that the description in the deed to plaintiff, which is quoted above, is insufficient to convey any land, and that the trial court's judgment simply reforms the deed by adding necessary elements to the description and in so doing violates Article 1288, Vernon's Ann. Civ.St., 1925. These assignments are overruled on the following grounds:

■ (1) The sufficiency of the description in the deed to plaintiff is to be determined by considering all of the descriptive elements, including the reference to the grantors' ownership of the interest conveyed. The question raised concerns the certainty of designation and application, and a reference to a grantor's ownership may be enough to make the terms of a description presumptively certain and the evidence admissible under this reference may make the description actually certain in its application to the ground. See Morrison v. Dailey, Tex.Sup., 6 S.W. 426; Watson v. Baker, 71 Tex. 739, 9 S.W. 867; Curdy v. Stafford, 88 Tex. 120, 30 S.W. 551; Hermann v. Likens, 90 Tex. 448, 39 S.W. 282; Carpenter v. Smith, Tex.Com. App., 272 S.W. 128; Sanderson v. Sanderson, 130 Tex. 264, 109 S.W.2d 744; Pickett v. Bishop, Tex.Civ.App., 223 S.W.2d 222; Brainard v. Jordan, Tex.Civ.App., 60 S. W. 784; Hughes v. Adams, 55 Tex.Civ. App. 197, 119 S.W. 134; Spaulding v. Smith, Tex.Civ.App., 169 S.W. 627; Sors-

by v. Thom, Tex.Civ.App., 122 S.W.2d 275; Ellett v. McMahan, Tex.Civ.App., 187 S.W.2d 253; Shook v. Parton, Tex. Civ.App., 211 S.W.2d 368; Jones v. Smith, Tex.Civ.App., 231 S.W.2d 1003.

■ (2) It is not required as a matter of law that the description employed in a deed name the State, the County, or the Survey in which the land is located. These are simply descriptive elements, the function of which may be performed by others; and when this happens the description is sufficient although the names of State, County and Survey are all omitted. In addition to the decisions cited above, see Smith v. Westall, 76 Tex. 509, 13 S.W. 540; Harris v. Broiles, Tex.Civ. App., 22 S.W. 421; Miller v. Hodges, Tex. Com.App., 260 S.W. 168.

■ (3) The reference to the grantors' ownership made in the deed to plaintiff is based on and controlled by the word "our"; and we were of the opinion originally that "our" did not describe the wife's separate property. We have concluded that this holding was erroneous. Such a reference has been used to describe the separate property of a spouse and the description has been given effect without discussing the meaning of the particular descriptive word used. See Hopkins v. Walters, Tex.Civ.App., 224 S.W. 516; Huffman v. Eastham, 19 Tex.Civ.App. 227, 47 S.W. 35; Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81, at page 92 (Hn. 22). The word "our" is an elastic term, the meaning of which may be controlled by circumstances; and some reason exists for using the word "our" in a deed conveying the wife's separate property, which both the wife and the husband must sign, to describe the interest which the husband and wife are conveying. For the income from the property may be a part of the community estate.

■ (4) We hold that the description employed in the deed to Grout is presumptively certain on its face. Although it does not name the State, the County or the Survey in which the land is situated it does state a combination of details which ought to eliminate every uncertainty except the

possibility of a latent ambiguity. These details are: (a) the reference to the grantors' ownership of a definitely described undivided interest, (b) in a tract of 14⁶/₁₁ acres, (c) the shape and dimensions of which are stated; (d) this 14⁶/₁₁ths acres adjoins on the south a lot 2, the south line of which is the north line of the 14⁶/₁₁ths acres and (e) it is in a 160 acre survey of which lot 2 is also a part; (f) the western and the eastern lines of the 14⁶/₁₁ths acres are in the western and eastern lines, respectively, of the 160 acres, and the northwestern corner of the 14⁶/₁₁ths acres is 172⁸/₁₁ths varas south of the northwestern corner of the 160 acres. Combinations of circumstances which were no more descriptive and certain were held sufficient in decisions cited above.

(5) It was shown that such tracts existed and that Lois Vaughn Broaddus owned the interest in those tracts which she and her former husband purported to convey. With the addition of proof that the grantors did not own such an undivided interest in any other similar tract, the possibility of a latent ambiguity is eliminated and the description is fixed with certainty upon the land in controversy; and such proof was admissible. In addition to decisions cited above, see Hereford v. Tilson, 145 Tex. 600 at page 605 (Hn. 3); 200 S.W.2d 985. According to recitals in the trial court's judgment such proof was made; and these recitals have at least the weight attached to them in the following cases: Chapman v. Sneed, 17 Tex. 428, page 431; Dowdle v. U. S. F. & G. Co., Tex.Com.App., 255 S.W. 388 at page 389 (Hn. 2); Gillette v. Davis, Tex.Civ.App., 15 S.W.2d 1085; Price v. Rushing, Tex. Civ.App., 70 S.W.2d 754.

Our conclusions are strengthened by the fact that the suit is between the original vendor and vendee.

These conclusions determine the appeal. The judgment of the trial court simply determined an issue of title and did not reform the deed to Grout.

Plaintiff Grout's motion for rehearing is granted; the defendants' Points of Error are overruled; and the judgment of the trial court is affirmed.