**STATE et al. v. FARMERS' LUMBER CO. et al.**

No. 9720.

Court of Civil Appeals of Texas. Galveston.

Feb. 11, 1932.

**LANE, J.**

This is an application by the state of Texas acting through the Attorney General of the state at the request of the state highway commission, joined in by the county of Wharton, acting through commissioners' court, for the issuance of an injunction to restrain Farmers' Lumber Company, a Texas corporation, from obstructing a certain road hereinafter described. Appellants allege that, by virtue of the Constitution and laws of this state, they are given general charge and control of land, authority to deal with the public roads of Wharton county, and that they are specially given charge, control, and authority over that certain road in Wharton county, extending through the town of East Bernard, Wharton county, known as highway No. 3.

They allege that a certain strip of land, which they describe by metes and bounds, is a part of state highway No. 3, in the town of East Bernard; that the citizens of the state of Texas and of Wharton county and the public generally have had the continued, peaceable, and adverse possession of the land described for more than ten years prior to the assertion of any claim thereto by defendants, using same exclusively as a public road and highway, and that therefore defendants are barred by the ten years' statute of limitation (Rev. St. 1925, art. 5510); that said land was dedicated to plaintiffs and the public generally for road purposes more than twenty years ago by Lewis Peitsch, who was the owner of the fee of said land; that a public road was constructed, maintained, and used by the public as a public road and highway, which is now known as highway No. 3; that such highway has been dedicated and used by the public generally since the year 1917.

They allege: That defendants have been and are threatening to and will, unless restrained by order of court, inclose said land; that they are now building or will build a building or structure upon said land unless restrained; that if defendants are permitted to obstruct said road and highway such obstruction would greatly endanger the lives of the people and citizens of Wharton county and the state of Texas, and render such highway dangerous for the public generally, and cause defendants and the general public to suffer irreparable damage; that there is no adequate remedy at law to prohibit the defendants from obstructing said highway No. 3.

They pray for the issuance of a restraining order prohibiting defendants, their attorneys, agents, and employees from obstructing said road and highway.

Such petition is sworn to by T. S. Christopher, an attorney for the plaintiffs.

The court, upon plaintiffs' petition, caused to be issued a temporary restraining order restraining defendants as prayed for, and set the cause for further hearing on the 25th day of June, 1931.

Defendants answered by a plea in abatement and by several special exceptions, all of which were by the court overruled. Answering to the merits of the case, defendants denied generally the allegations of plaintiffs' petition. Answering further, they say that the strip of land described in plaintiffs' petition is no part of state highway No. 3 or of any public road or highway of the state of Texas, or of Wharton county; that said land has never been dedicated by Lewis Peitsch, Sr., to the public for public road or highway purposes; that neither the state of Texas nor Wharton county has or ever had any character of right, title, or easement in or over said strip of land as a highway or public road, or any other purpose; that neither the citizens of the state or of Wharton county have had continued, peaceable, and adverse possession of said land for more than ten years prior to the asserted right of defendants, or for any period of time, but to the contrary they say that said strip of land is the private property of defendant, Farmers' Lumber Company; that said strip of land has never been dedicated or used by plaintiffs or the public generally as a road or highway; that for more than fifteen years there has been situated upon said land various buildings and structures, one being a large gasoline filling station extending entirely across said strip of land.

There are many other allegations in such answer, but we think those stated are sufficient for purposes of this opinion.

Defendants prayed that the temporary restraining order theretofore granted be in all things set aside and dissolved, and that the temporary injunction prayed for by plaintiffs be refused.

The answer of defendants was duly verified by W. C. Buls, president of Farmers' Lumber Company, and one of the defendants, reciting that the allegations and matters stated in said answer are true.

The court sitting in chambers, on the 25th day of June, 1931, upon the petition, the answer, and the evidence adduced, rendered judgment as follows:

"On this the 25th day of June, A. D. 1931, came on the above entitled and numbered cause for hearing on the application for a temporary injunction and came the parties by their attorneys and in person and announced ready for trial upon such hearing: Whereupon the defendants presented to the court their plea in abatement and their several objections and exceptions, general and special, and the court after hearing argument of counsel upon said plea in abatement and the several exceptions overruled all of them

to which action of the court the defendant excepted; whereupon the court heard evidence upon the question of whether a temporary writ of injunction should be issued and the court after hearing such evidence is of the opinion that such writ of temporary injunction should be denied:

"Wherefore it is ordered, adjudged and decreed that the temporary restraining order heretofore granted is dissolved and the writ of temporary injunction as prayed for be denied and this cause stand ready for trial upon its merits upon the next regular term of this Court. To which action of the court the plaintiffs in open court excepted and gave notice of appeal to the Court of Civil Appeals at Galveston, Texas."

The plaintiffs have appealed from the judgment rendered. No statement of facts accompanies the record, nor is there any findings of fact by the court in the record. Under such circumstances, and in view of the recital in the judgment, that the court heard evidence, it will be presumed that sufficient evidence was introduced to support the judgment rendered.

The judgment is affirmed.

Affirmed.