### KATCSMORAK v. FORREST et al.
### No. 2364.

Court of Civil Appeals of Texas. Beaumont.
March 23, 1933.

Carl Hollingsworth, of Pleasanton, for appellant.

H. L. Forest, of San Antonio, and R. R. Smith, of Jourdanton, for appellees.

O'QUINN, Justice.

Appellant filed this suit on March 2, 1931, against John Forrest and his wife, Louella Forrest, H. L. Forrest and Maggie Forrest, his wife, and D. D. Forrest, to recover upon three vendor's lien notes, praying for judgment against appellee John Forrest for the amount of the notes, and for foreclosure of the vendor's lien against all of the appellees.

Appellees answered by general demurrer, and by special demurrer that appellant's petition showed upon its face that the cause of action asserted by him was barred by the four-year statute of limitation. They further answered by general denial, and specially that appellant's cause of action was barred by the four-year statute of limitation both as to the debt asserted and the lien to secure the payment of same. They further specially answered under oath that the extension of the dates of payment of notes Nos. 2 and 3, as pleaded by appellant, of date May 19, 1920, purporting to extend the maturity dates of said notes and lien to certain dates in 1921 and 1922; that the last figures "1" and "2" in said dates were forgeries by alteration; that is, that said figures were without the knowledge or consent of appellees placed in said instrument after its execution and after it was placed of record. Other defenses were pleaded which we do not deem necessary to state.

By trial amendment appellant pleaded estoppel against the defenses urged by appellee H. L. Forrest and his wife, Maggie Forrest, to the effect that they were in privity with their codefendants John and Louella Forrest and had full knowledge of and had been instrumental in the execution of and had agreed to the several extensions of said notes.

To this trial amendment appellees replied by sworn denial of each and every allegation of same.

The case was tried to the court without a jury, and judgment rendered in favor of appellant against appellee John Forrest for the amount due on the notes, but denied a foreclosure of the lien. From this judgment plaintiff brings this appeal.

There is no brief for appellees. Neither is there any findings of fact by the court, or any statement of facts in the record.

We learn from appellant's brief that in 1906, J. M. Rogers conveyed to John Forrest 100 acres of land in Atascosa county, Tex., and received as part payment therefor the three vendor lien notes in question. In 1911 Rogers sold and by written transfer assigned said notes and lien to D. G. Williams. In 1915, while John Forrest was still the owner of the record title to said land, he, joined by his wife, Louella Forrest, executed an extension of the time for payment of the notes, which was duly placed of record.

In 1917, John Forrest and wife, Louella Forrest, conveyed the land to their two sons, H. L. Forrest and D. D. Forrest, who assumed payment of the notes. This deed was duly

320

recorded. In 1919, Williams sold and by written transfer assigned the notes and lien to appellant, Tom Katcsmorak.

In 1920, John Forrest and his wife, Louella Forrest, executed another extension of the time for the payment of said notes, in favor of appellant, Katcsmorak. H. L. Forrest and his wife and D. D. Forrest and his wife did not join in this extension. The original extension here mentioned showed note No. 1 extended to December 29, 1920, and note No. 2 extended to December 29, 1921, and note No. 3 extended to December 29, 1922. The last figure (1) in 1921, and the last figure (2) in 1922, were written in pencil. The deed record where the extension was recorded showed the extension to be as follows: Note No. 1 extended to December 29, 1920; note No. 2 extended to December 29, 192—; and note No. 3 extended to December 29, 192—.

In 1924, D. D. Forrest conveyed his interest in the land to H. L. Forrest.

In 1925 and 1930, John Forrest and his wife, Louella Forrest, executed other extensions of the time for the payment of the notes. Neither H. L. Forrest, his wife, nor D. D. Forrest and his wife, joined in any of these extensions. The maturity date in the last extension for the payment of the amount of the notes and interest was January 1, 1931. At that date the notes were not paid and appellant filed this suit to enforce payment and for foreclosure of the lien.

The trial court held that, when the extension was executed by John Forrest and wife in 1925, the notes were all barred by the four-year statute of limitation (Rev. St. 1925, art. 5527). It appears that he concluded that note No. 1 was more than four years past due, and that limitation against notes Nos. 2 and 3 began to run immediately after the 1920 execution of extension, this because the record of such extension did not show any due date, being 192—, and, therefore, these notes were more than four years past due. The court further held that the maker of the notes, John Forrest, and his wife, Louella Forrest, could not in 1925 execute a valid extension of the time for payment of the notes and thus keep alive the lien, unless the then owners of the land, H. L. Forrest and his wife, joined in the execution of such extension. It is not contended that they joined in any of the extensions, and so the court held that the lien was lost, and that only a personal judgment against John Forrest should be rendered, and which was rendered.

There is no contention that note No. 1 was not barred, but it is contended that, if the extension of 1920 did extend the maturity date of note No. 2 to December 29, 1921, and that of note No. 3 to December 29, 1922, then same were not barred when the extension of 1925 was executed.

Appellant's first assignment asserts that the court erred in holding that the extension of 1920, as recorded, prevailed over the extension as shown by the original, there being a difference therein as to when notes Nos. 2 and 3 should become due.

Appellees by sworn plea challenged the extended maturity dates showing in pencil in the original instrument as not contained in the original when executed, acknowledged, and recorded, but that said maturity dates had been written therein since the instrument was executed and recorded. This was denied by appellant. Whether the dates shown in pencil in the original were in said instrument when it was executed and acknowledged and recorded, or whether said dates were left in blank, as shown by the recorded instrument, was a question of fact, and the court, after hearing the evidence, found that the dates were left blank as shown by the record. We must presume there was sufficient evidence to support the finding. The assignment is overruled.

We find nothing in the record to support the assignment that the court erred in not sustaining appellant's plea of estoppel against appellees H. L. and Maggie Forrest's plea of limitation. The question of estoppel was one of fact, and it must be presumed that the evidence adduced was sufficient to support the court's finding against said plea. This assignment is overruled.

The judgment should be affirmed, and it is so ordered.

Affirmed.